JAMES L. SWEET, T/A SWEET CONSTRUCTION COMPANY v.
O. RAY MARTIN, ET UX, ET AL

No. 7221DC89

(Filed 2 February 1972)

1. Appeal and Error § 28— general exception to findings and judgment —
   appellate review

   A general exception to the judgment and a broadside assignment
   of error that the court erred in entering the findings of fact and
   signing the judgment do not bring up for review the findings of fact
   or the evidence on which they are based.

2. Appeal and Error §§ 27, 30— exceptions to evidence and failure to di-
   rect verdict — failure to except to findings of fact

   In the absence of proper exceptions to the findings of fact, ex-
   ceptions to the admission of evidence and exceptions to the denial of
   appellant's motions for a directed verdict are ineffectual.

3. Appeal and Error § 26— exception to signing of judgment

   An exception to the signing of the judgment presents for review
   the single question of whether the facts found support the judgment.

APPEAL by defendants from *Henderson, District Court Judge,* 14 June 1971 Session of FORSYTH County District Court.

This action was instituted by plaintiff to recover on an alleged breach of contract or, in the alternative, to recover the reasonable value of labor and materials furnished in making improvements to defendant owners' home. Defendants denied the breach and counterclaimed for damages for breach of contract alleging that plaintiff provided substandard materials and erected substandard improvements in violation of the Building Code of the City of Winston-Salem.

The parties waived trial by jury and presented evidence supporting their contentions. From judgment in favor of plaintiff in the amount of $2,014.50, defendants appealed.

*Roberts, Frye & Booth by Leslie G. Frye for plaintiff appellee.*

*Green, Teeter & Parrish by W. Douglas Parrish for defendant appellants.*

BRITT, Judge.

Defendants entered no exception to either of the numerous findings of fact made by the trial court and set forth in the

judgment; their sole exception pertaining to the judgment is to the signing of the judgment. Exceptions 1, 2, 4 and 5 relate to the competency of certain evidence admitted or excluded at the trial; exceptions 3 and 6 relate to the failure of the trial court to grant defendants' motions for directed verdict made at the conclusion of plaintiff's evidence and renewed at the close of all the evidence.

[1, 2]   A general exception to the judgment and an assignment of error that the court erred in entering the findings of fact and signing the judgment is a broadside assignment of error and does not bring up for review the findings of fact or the evidence on which they are based. *Merrell v. Jenkins,* 242 N.C. 636, 89 S.E. 2d 242 (1955) and cases therein cited. In *Burnsville v. Boone,* 231 N.C. 577, 580, 58 S.E. 2d 351, 354 (1950), the Supreme Court said: "Moreover, in the absence of * * * proper exception to the findings of fact, of which defendants complain, exceptions to the admission of evidence, taken during the course of the hearing before the trial judge, as well as the exceptions taken by defendants to the rulings of the judge in denying their motions for judgment as of nonsuit, and assigned as error, are ineffectual. *Smith v. Davis,* 228 N.C. 172, 45 S.E. 2d 51; *Mfg. Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577." The assignments of error based on exceptions 1, 2, 3, 4, 5 and 6 are overruled.

[3]   By their exception number 7, defendants except to the signing of the judgment. This exception presents for review the single question as to whether the facts found support the judgment. *Merrell v. Jenkins, supra.* We hold that the findings of fact amply support the judgment entered by the trial court.

The judgment appealed from is

Affirmed.

Judges BROCK and VAUGHN concur.