JUSTICE FOR ANIMALS, INC., PLAINTIFF v. LENOIR COUNTY SPCA, INC., DEFENDANT

No. COA04-69

(Filed 1 February 2005)

### 1. Animals— feral or wild—subject matter jurisdiction—72-hour impoundment period

The trial court erred by concluding that it had subject matter jurisdiction over plaintiff's claim under N.C.G.S. § 130A-192 asserting that defendant SPCA animal control facility was causing unjustifiable physical pain, suffering, and death in its euthanization of feral cats without holding them for seventy-two hours, because: (1) our General Assembly specifically designated the administration and enforcement of N.C.G.S. § 130A-192 to either the Secretary of Health and Human Services or a local health director and local health department; (2) plaintiff is unable to file a complaint against defendant, a private nongovernmental agency, in the office of administrative hearings; and (3) plaintiff failed to allege that defendant is a division of the local health department.

### 2. Animals— feral or wild—subject matter jurisdiction—animal cruelty

The trial court had subject matter jurisdiction under N.C.G.S. § 19A-2 over plaintiff's claim seeking injunctive relief against defendant SPCA animal control facility alleging the cruel treatment of animals as defined by N.C.G.S. § 192-1.

### 3. Animals— feral or wild—euthanization—animal cruelty—involuntary dismissal

The trial court erred by entering an involuntary dismissal under N.C.G.S. § 1A-1, Rule 41(b) for plaintiff's claim seeking injunctive relief against defendant SPCA animal control facility alleging the cruel treatment of animals, because: (1) the trial court's findings, conclusions, and judgment are grounded in its interpretation of N.C.G.S. § 130A-192 which was not properly before the trial court; and (2) the trial court failed to enter proper findings based on the evidence presented that defendant's action of immediately euthanizing an animal as defined by N.C.G.S. § 19A-1 does not constitute cruel treatment. On remand, the trial court should make findings of fact and conclusions of law regarding whether plaintiff has presented sufficient evidence to show

defendant's use of a poke test to determine whether a cat is feral or tame and defendant's subsequent immediate euthanization constitutes unjustifiable pain, suffering, or death.

Judge LEVINSON concurring in part and dissenting in part.

Appeal by plaintiff from order entered 18 August 2003 by Judge Elizabeth A. Heath in Lenoir County District Court. Heard in the Court of Appeals 23 September 2004.

*Ward and Smith, P.A., by A. Charles Ellis; and William A. Reppy, Jr., for plaintiff-appellant.*

*White & Allen, P.A., by David J. Fillippeli, Jr., and Gregory E. Floyd, for defendant-appellee.*

TYSON, Judge.

Justice for Animals, Inc., ("plaintiff") appeals from an Order that granted Lenoir County SPCA, Inc.'s ("defendant") motion for an involuntary dismissal pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure. We vacate portions of the trial court's order, and reverse and remand in part.

## I. Background

Plaintiff filed a complaint pursuant to N.C. Gen. Stat. § 19A-1, *et. seq.*, seeking injunctive relief and asserting defendant was causing unjustifiable physical pain, suffering, and death in its euthanization of animals. Plaintiff alleged that defendant's practice of euthanizing feral cats without holding them for seventy-two hours is unjustifiable because it violates N.C. Gen. Stat. § 130A-192. "*Webster's New Collegiate Dictionary* provides several definitions for 'feral' including: 'wild animal' and 'having escaped from domestication and become wild.' " *Malloy v. Cooper*, 162 N.C. App. 504, 509, 592 S.E.2d 17, 21 (quoting *Webster's New Collegiate Dictionary* 456 (9th ed. 1991)), *disc. rev. denied*, 358 N.C. 376, 597 S.E.2d 133 (2004). N.C. Gen. Stat. § 130A-192 (2003) permits the euthanization of animals after a minimum seventy-two hour impoundment, if the animal is not claimed and provides:

The Animal Control Officer shall canvass the county to determine if there are any dogs or cats not wearing the required rabies vaccination tag. If a dog or cat is found not wearing the required tag, the Animal Control Officer shall check to see if the owner's identification tag can be found on the animal. . . . If the animal is not

wearing an owner identification tag and the Animal Control Officer does not otherwise know who the owner is, the Animal Control Officer may impound the animal. The duration of the impoundment of these animals . . . shall not be less than 72 hours.

Plaintiff contends this statute requires defendant to impound all cats, tame or feral, for seventy-two hours prior to euthanization.

Ella Marie Harrell ("Harrell"), a former animal control officer for defendant, testified at trial regarding defendant's process for determining whether a cat was feral or "tame" when deciding to hold the animal or immediately euthanize it. She testified, "If it was a cat, when it was brought to the shelter they would go out with a pen, pencil, whatever and they would poke the animal. And, if the animal responded aggressively to the object, then they would say its wild, go put it down." Harrell further testified that prior to arriving at the shelter, the "animal is very upset, very agitated, because normally they have not been ridden around in vehicles. And, occasionally you also have dogs that are in the back of that truck that are barking, and a cat's normal response is to become agitated around dogs."

At the close of plaintiff's evidence, the trial court granted defendant's motion for an involuntary dismissal pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure. It found that the seventy-two hour impoundment period set forth in N.C. Gen. Stat. § 130A-192 "applies only to domestic felines and canines as defined in N.C. [Gen. Stat.] § 130A-184(2) and (4), respectively, and not to feral or wild animals." The trial court further found that plaintiff offered no evidence, other than the fact that defendant immediately euthanizes feral cats prior to impounding them for seventy-two hours, to support their claim that defendant caused unjustifiable physical pain, suffering, and death to any animal. Plaintiff appeals.

## II.  Issues

The issues on appeal are: (1) whether the trial court had subject matter jurisdiction over plaintiff's claims against defendant; and (2) whether the trial court erred by granting defendant's motion for an involuntary dismissal.

## III.  Subject Matter Jurisdiction

### A.  N.C. Gen. Stat. § 130A-192

[1] In its complaint, plaintiff alleged that defendant's practice of euthanizing feral cats without holding them for seventy-two hours is

unjustifiable because it violates N.C. Gen. Stat. § 130A-192. Its complaint states, "The killing of these cats, dogs, kittens, and puppies before the statutory seventy-two hour impoundment period causes unjustifiable physical pain, suffering, and death." The threshold issue is whether the trial court had subject matter jurisdiction over plaintiff's claim.

> The issue of whether a court has subject matter jurisdiction may be raised at any time during a proceeding, and the issue may be raised for the first time on appeal. Even if the parties did not raise the issue in their briefs, the court may raise the question of subject matter jurisdiction by its own motion. Further, the parties cannot stipulate to give a court subject matter jurisdiction where no such jurisdiction exists.

*Northfield Dev. Co. v. City of Burlington*, 165 N.C. App. 885, 887, 599 S.E.2d 921, 924 (citations omitted), *disc. rev. denied*, 359 N.C. 191, 607 S.E.2d 278 (2004).

Our General Assembly specifically designated the administration and enforcement of N.C. Gen. Stat. § 130A-192 to either the Secretary of Health and Human Services or a local health director and local health department. N.C. Gen. Stat. § 130A-4(a) (2003) provides:

> (a) Except as provided in subsection (c) of this section, the Secretary shall administer and enforce the provisions of this Chapter and the rules of the Commission. A local health director shall administer the programs of the local health department and enforce the rules of the local board of health.

> (b) When requested by the Secretary, a local health department shall enforce the rules of the Commission under the supervision of the Department. The local health department shall utilize local staff authorized by the Department to enforce the specific rules.

Further, N.C. Gen. Stat. § 130A-24 (2003) states:

> (a) Appeals concerning the enforcement of rules adopted by the Commission, concerning the suspension and revocation of permits and program participation by the Secretary and concerning the imposition of administrative penalties by the Secretary shall be governed by Chapter 150B of the General Statutes, the Administrative Procedure Act.

> (a1) Any person appealing an action taken by the Department pursuant to this Chapter or rules of the Commission shall file a

petition for a contested case with the Office of Administrative Hearings as provided in G.S. 150B-23(a). The petition shall be filed not later than 30 days after notice of the action which confers the right of appeal unless a federal statute or regulation provides for a different time limitation. The time limitation imposed under this subsection shall commence when notice of the agency decision is given to all persons aggrieved. Such notice shall be provided to all persons known to the agency by personal delivery or by the placing of notice in an official depository of the United States Postal Service addressed to the person at the latest address provided to the agency by the person.

(b) Appeals concerning the enforcement of rules adopted by the local board of health and concerning the imposition of administrative penalties by a local health director shall be conducted in accordance with this subsection and subsections (c) and (d) of this section. The aggrieved person shall give written notice of appeal to the local health director within 30 days of the challenged action. The notice shall contain the name and address of the aggrieved person, a description of the challenged action and a statement of the reasons why the challenged action is incorrect. Upon filing of the notice, the local health director shall, within five working days, transmit to the local board of health the notice of appeal and the papers and materials upon which the challenged action was taken.

(c) The local board of health shall hold a hearing within 15 days of the receipt of the notice of appeal. The board shall give the person not less than 10 days' notice of the date, time and place of the hearing. On appeal, the board shall have authority to affirm, modify or reverse the challenged action. The local board of health shall issue a written decision based on the evidence presented at the hearing. The decision shall contain a concise statement of the reasons for the decision.

(d) A person who wishes to contest a decision of the local board of health under subsection (b) of this section shall have a right of appeal to the district court having jurisdiction within 30 days after the date of the decision by the board. The scope of review in district court shall be the same as in G.S. 150B-51.

In *Justice for Animals, Inc. v. Robeson County*, 164 N.C. App. 366, 368, 595 S.E.2d 773, 775 (2004), the plaintiffs filed a complaint alleging "the treatment of animals at the Animal Control

Facility is cruel and unlawful under N.C. Gen. Stat. § 19A-1 *et seq.*, § 130A-192, and § 14-360." This Court held that the plaintiffs were "aggrieved persons" whose claims fell within the scope of N.C. Gen. Stat. § 130A-24(b). *Id.* at 370, 595 S.E.2d at 776-77. We affirmed the trial court's dismissal of the plaintiffs' complaint for failure to exhaust the administrative remedies available under N.C. Gen. Stat. § 130A-24(b) and failure to plead a basis for avoiding the exhaustion requirement. *Id.* at 373, 595 S.E.2d at 777-78.

"Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re from the Civil Penalty Assessed for Violations of the Sedimentation Pollution Control Act etc.*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Plaintiff here is the identical plaintiff in *Justice for Animals, Inc.*, and alleged defendant violated N.C. Gen. Stat. § 130A-192, one of the statutes also at issue in *Justice for Animals, Inc.*

Portions of plaintiff's complaint seek injunctive relief against defendant to halt the destruction of animals for failure to wear the required rabies vaccination tags pursuant to N.C. Gen. Stat. § 130A-192, a statute contained within the Public Health Chapter. To the extent plaintiff's complaint alleges an action pursuant to this statute, it must seek administrative remedies, including its rights to appeal, against the local health department and local health director. *Justice for Animals, Inc.*, 164 N.C. App. at 369, 595 S.E.2d at 775; N.C. Gen. Stat. § 130A-4(a); N.C. Gen. Stat. § 130A-24.

Plaintiff is unable to file a complaint against defendant, a private non-governmental agency, in the office of administrative hearings. The defendants in *Justice for Animals, Inc.*, included the local board of health and its animal control divisions. As plaintiff failed to allege defendant is a division of the local health department, plaintiff's claim for relief under N.C. Gen. Stat. § 130A-192 is not proper against defendant. *See* N.C. Gen. Stat. § 130A-4(a).

Neither the trial court nor this Court has jurisdiction at this stage in the proceedings to address the issue of whether this defendant is required to hold all animals for seventy-two hours pursuant to N.C. Gen. Stat. § 130A-192. The trial court erred by finding "the 72-hour impoundment period set forth in N.C. [Gen. Stat.] § 130A-192 applies only to domestic cats and dogs as those terms are defined in N.C. Gen. Stat. § 130A-184(2) and (4), respectively, and not to feral or wild

animals." The trial court was without subject matter jurisdiction to enter findings or conclusions regarding plaintiff's claim for violations by defendant under N.C. Gen. Stat. § 130A-192. Enforcement of this statute is proper against the local board of health in the Office of Administrative Hearings. N.C. Gen. Stat. § 130A-4(a); N.C. Gen. Stat. § 130A-24. We vacate these portions of the trial court's order.

## B. N.C. Gen. Stat. § 19A-1.1

[2] The trial court has subject matter jurisdiction pursuant to N.C. Gen. Stat. § 19A-2 over plaintiff's claim to the extent it seeks an injunction against defendant by alleging the cruel treatment of animals, as defined in N.C. Gen. Stat. § 19A-1. We note that N.C. Gen. Stat. § 19A-1.1 sets forth several exemptions regarding the ability to seek a remedy under the provisions of Chapter 19A. Specifically, N.C. Gen. Stat. § 19A-1.1(5) (2003) states that this Article, Civil Remedy for Protection of Animals, shall not apply to "the lawful destruction of any animal for the purposes of protecting the public, other animals, or the public health." This statute, however, was enacted during the 2003 session of the legislature and was not effective until 19 June 2003. As this action was filed prior to the effective date of N.C. Gen. Stat. § 19A-1.1, its exceptions do not apply to the case at bar.

Plaintiff's complaint specifically alleges jurisdiction pursuant to N.C. Gen. Stat. § 19A-2. Further, its complaint alleges: "The killing of these cats, dogs, kittens, and puppies [by defendant] before the statutory seventy-two (72) hour impoundment period causes unjustifiable physical pain, suffering, and death." Plaintiff's complaint prays the trial court to "permanently enjoin defendant, pursuant to N.C. Gen. Stat. § 19A-4, from killing any cats, dogs, kittens, or puppies before the expiration of the statutory seventy-two hour impoundment period for each such animal killed." These allegations set forth a cause of action against defendant sufficient to establish subject matter jurisdiction for a claim of cruel treatment as defined in N.C. Gen. Stat. § 19A-1(2).

We recognize that defendant's actions, as well as its decision to either immediately euthanize animals or impound them, are guided by N.C. Gen. Stat. § 130A-192. As stated above, neither the trial court nor this Court has jurisdiction over plaintiff's claim regarding the interpretation, application, or enforcement of this statute as it relates to claims against the private party defendant. However, the trial court and this Court have subject matter jurisdiction over plaintiff's action to the extent plaintiff's complaint generally alleges an

action for "unjustifiable pain, suffering, or death" to animals based on defendant's immediate euthanization of cats. N.C. Gen. Stat. § 19A-1(2) (2003).

## IV. Standard of Review

**[3]** As the trial court had jurisdiction over plaintiff's allegations of cruelty pursuant to N.C. Gen. Stat. § 19A-1, our review turns to whether the trial court erred in entering an involuntary dismissal pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure.

The well-established rules regarding our review of a trial court's order dismissing an action are set forth in *Miles v. Carolina Forest Ass'n,* 167 N.C. App. 28, 35, 604 S.E.2d 327, 331-32 (2004):

> When a motion to dismiss pursuant to Rule 41(b) is made, the judge becomes both the judge and the jury; he must consider and weigh all competent evidence before him; and he passes upon the credibility of the witnesses and the weight to be given to their testimony. *Dealers Specialties, Inc. v. Housing Services,* 305 N.C. 633, 636, 291 S.E.2d 137, 139 (1982). In the absence of a valid objection, the court's findings of fact are presumed to be supported by competent evidence, and are binding on appeal. *Id.* A general exception to the judgment and an assignment of error that the court erred in entering the findings of fact and signing the judgment is a broadside assignment of error and does not bring up for review the findings of fact or the evidence on which they are based. *Sweet v. Martin,* 13 N.C. App. 495, 495, 186 S.E.2d 205, 206 (1972); *Merrell v. Jenkins,* 242 N.C. 636, 637, 89 S.E.2d 242, 243 (1955). Where the assignments of error are insufficient to present the findings of fact for review, the appeal presents the question of whether the findings support the court's inferences, conclusions of law, judgment, and whether error appears on the face of the record. *Taney v. Brown,* 262 N.C. 438, 443, 137 S.E.2d 827, 830 (1964).

Here, plaintiff failed to specifically object to any of the trial court's findings of fact. Our review turns to whether the trial court's findings of fact support its conclusions of law and judgment.

## V. Civil Remedy for Protection of Animals

N.C. Gen. Stat. § 19A-1(1) (2003) defines "animals" as "every living vertebrate in the classes Amphibia, Reptila, Aves, and Mammalia

except human beings." This broad definition clearly includes both feral and tame cats. The statute further defines "cruelty" and "cruel treatment" as "every act, omission, or neglect whereby unjustifiable physical pain, suffering, or death is caused or permitted." N.C. Gen. Stat. § 19A-1(2).

The trial court's unchallenged findings of fact, other than those portions vacated above, show "Plaintiff at trial offered no evidence, other than the fact that defendant immediately euthanizes feral or wild cats prior to impounding them for 72 hours, to support their claim that defendant has caused unjustifiable physical pain, suffering, or death to any animal." The trial court also "found" that "[a]s plaintiff offered no evidence of cruel treatment or unjustifiable physical pain, suffering, or death other than its contention that defendant's euthanization of feral animals prior to impounding the same for 72 hours constitutes cruel treatment per se, defendant's [Rule 41(b)] Motion . . . should be granted." We note this "finding" should be more appropriately labeled as a conclusion of law. *See In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (determination requiring exercise of judgment or application of legal principles is a conclusion of law).

The trial court's findings, conclusions, and judgment are grounded in its interpretation of N.C. Gen. Stat. § 130A-192, which we have held was not properly before the trial court. Further, the trial court's conclusion that plaintiff failed to set forth facts or present evidence to support an allegation for cruel treatment of animals is based solely on its earlier interpretation of N.C. Gen. Stat. § 130A-192. We have already held these portions of the trial court's order to be erroneous and have vacated them accordingly.

Without these "findings," the trial court has set forth no other basis to grant defendant's motion for an involuntary dismissal. The trial court erred by dismissing plaintiff's case without entering proper findings, based on the evidence presented, that defendant's action of immediately euthanizing an "animal," as defined in N.C. Gen. Stat. § 19A-1, does not constitute "cruel treatment" as also defined in that statute. Without proper findings regarding the appropriate statutes at issue, the trial court's conclusions of law are unsupported.

Testimony presented at trial tended to show that defendant employs a "poke" procedure to determine whether to impound or immediately euthanize an animal. On remand, the trial court should make findings of fact and conclusions of law regarding whether plain-

tiff has presented sufficient evidence to show defendant's use of the "poke" test to determine whether a cat is feral or tame and defendant's subsequent immediate euthanization constitutes "unjustifiable pain, suffering, or death." N.C. Gen. Stat. § 19A-1(2).

### VI.  Conclusion

Both the trial court and this Court lack subject matter jurisdiction over plaintiff's claim against defendant for violating N.C. Gen. Stat. § 130A-192. The portions of the trial court's order that seek to interpret and apply this statute against defendant are vacated. Plaintiff has standing to bring against, and the trial court has subject matter jurisdiction over, defendant pursuant to N.C. Gen. Stat. § 19A-1-4. The trial court failed to make proper findings under Article I of the Protection of Animals statutes. N.C. Gen. Stat. § 19A-1-4. The trial court's order is vacated in part and reversed in part. This case is remanded for further proceedings.

Vacated in part; Reversed in part and Remanded.

Judge BRYANT concurs.

Judge LEVINSON concurs in the result in part and dissents in part.

LEVINSON, Judge concurring in the result in part and dissenting in part.

I concur only in the majority's conclusion that this matter must be reversed and remanded. I dissent from those portions of the majority opinion which purport to vacate, on subject matter grounds, the portions of the trial court's order related to N.C.G.S. § 130A-192 (2003).

I respectfully disagree with the majority opinion in three important respects. First, I disagree with the majority's holding that, if the plaintiff lacks standing to seek redress against this defendant for the violation of G.S. § 130A-192, then the trial court is without authority to consider that statute even if its meaning and application are relevant to an issue in the case. Secondly, this matter should be reconsidered by the trial court on the central issue actually raised in the pleadings and tried before it originally, not on an entirely different one identified by this Court. Thirdly, the trial court, in its evaluation of the merits of plaintiff's claim, materially relied upon a misinterpretation of a relevant statute, such that the trial court's con-

clusion that defendant's actions did not constitute "cruelty" cannot be sustained.

Preliminarily, I observe that the majority opinion unnecessarily addresses the issue of plaintiff's standing to bring suit under G.S. § 130A-192. The discussion of standing arises from the majority's erroneous premise that plaintiff herein brought a lawsuit against defendant, a private nonprofit corporation, for violation of G.S. § 130A-192, a statute applicable only to county or other governmental entities. In fact, as the majority acknowledges, plaintiff "filed a complaint pursuant to [N.C.G.S.] § 19A-1 *et seq.*," alleging cruelty. Although plaintiff's complaint makes some reference to G.S. § 130A-192, the gist of its claim is that defendant inflicts unjustifiable pain, suffering, and death to certain cats and dogs, by euthanizing them almost immediately after they are received. Plaintiff sought to **demonstrate** or **illustrate** the alleged cruelty by reference to defendant's failure to hold these stray cats and dogs for even the bare minimum of 72 hours that G.S. § 130A-192 requires of **county** animal shelters.[1] However, plaintiff did not bring suit under G.S. § 130A-192, so the majority's extensive discussion of plaintiff's standing to bring such a suit is wholly unnecessary.

A serious problem arises from the majority opinion's confusion of a **party's** standing to bring suit under a statute against a certain party with the **court's** authority to consider or interpret the statute when it may be relevant to an issue before the court. The majority opinion concludes that, because **plaintiff** lacked standing to sue defendant SPCA under G.S. § 130A-192, "neither the trial court nor this Court has jurisdiction . . . regarding the interpretation" of the statute, and that the interpretation of G.S. § 130A-192 "was not properly before the trial court." The majority cites no authority for its holding that a court may not utilize its interpretation of a statute unless it provides a cause of action for the plaintiff. A plaintiff's lack of standing to challenge a statute **does not deprive the court of authority to interpret the statute**. And, of course "[i]t is permissible in the interpretation of statutes to consider other statutes related to the particular subject, or to the statutes under construction." *Davidson County v. City of High Point*, 85 N.C. App. 26, 34, 354 S.E.2d 280, 284 (1987) (citing *Abernethy v. Board of Comm'rs*, 169 N.C. 631, 86 S.E. 577 (1915)). In holding that neither the trial court nor this Court had the

---

1. The definition of "cruelty" includes "every act, omission, or neglect whereby unjustifiable . . . death is caused or permitted." G.S. § 19A-1(2). Thus, even in the absence of the 72-hour provision in G.S. § 130A, the trial court would be obligated to determine whether failure to hold all cats for 72 hours constituted cruelty.

authority to interpret the scope of G.S. § 130A-192, the majority is in error. Accordingly, I dissent from that portion of the majority opinion that purports to vacate, on lack of subject matter jurisdiction grounds, the findings of fact and conclusions of the trial court "regarding plaintiff's claim for violations by defendant under N.G. Gen. Stat. § 130A-192."

Further, in my opinion, it is essential to address the meaning of G.S. § 130A-192 inasmuch as the trial court rested its decision, in large part, on its interpretation of the statute. The interpretation of the statute is relevant to plaintiff's claim because the fact (if proven) that defendant fails to adhere to the minimum standards applicable to county agencies is **some evidence** of whether "unjustifiable . . . death is caused or permitted[]" by defendant. *See* N.C.G.S. § 19A-1(2) (defining "cruelty").

Turning to the meaning of G.S. § 130A-192, the trial court erred in its interpretation of this statute. The trial court judge concluded that the requirement of G.S. § 130A-192, that dogs and cats without rabies tags be held at least 72 hours before being killed, was applicable only to "tame" cats and not to "wild" or "feral" cats. The court based its ruling on the definitions in N.C.G.S. § 130A-184 (2003), of animals subject to rabies control measures. The statute states that " 'cat' means a domestic feline," and that " 'dog' means a domestic canine." The correct interpretation of this is that "domestic cat" and "domestic dog" are delineating which **species of animals** are within the ambit of the statute. That this is the correct interpretation is immediately apparent when one considers the following: The 72 hour hold is one small item in a comprehensive rabies control statute, which **applies the same definitions to all statutes in the rabies control section.** Consequently, if stray dogs and cats are excluded from the provisions of G.S. § 130A-192, then they are **also excluded from the rest of the rabies section.** In that event, the animal control officer would have no authority to take crucial measures to reduce the spread of rabies—a truly absurd interpretation and application of the statutes. *See, e.g.,* N.C.G.S. § 130A-195 ("Destroying stray dogs and cats in quarantine districts"); N.C.G.S. § 130A-197 ("Infected dogs and cats to be destroyed"); N.C.G.S. § 130A-199 ("Rabid animals to be destroyed"); N.C.G.S. § 130A-200 ("Confinement or leashing of vicious animals).

Finally, the majority opinion instructs the trial court to enter findings and conclusions on remand regarding whether a "poke test" that defendant purportedly employed to decide whether a cat is a house

pet or a stray "feral" animal constitutes "cruel treatment." The "poke test" was neither the basis of plaintiff's claim, nor the basis of the trial court's ruling. I emphasize that plaintiff's claim is premised on a claim that defendant inflicts unjustifiable pain, suffering, and death to certain cats and dogs by euthanizing them almost immediately after they are received. During oral argument before this Court, both parties agreed that this case does not implicate the question of whether the "poke test" constitutes "cruelty". This inquiry, now required by operation of the majority opinion, is simply not relevant to a determination of plaintiff's claim—except as it may collaterally help establish that defendant, indeed, failed to hold all cats for a certain period.

In short, the trial court's incorrect interpretation of G.S. § 130A-192 materially impacted its determination on the ultimate issue before it, and requires remand for the court to utilize the correct interpretation in its consideration of plaintiff's claim that the defendant caused unjustifiable pain, suffering, and death to certain animals by its failure to hold all cats for some minimum period. In making its ultimate determination on the merits, the judge may consider as some evidence not only the fact that our legislature generally requires county entities to hold all cats for 72 hours, G.S. § 130A-192, but also a host of other statutory provisions that may be relevant. *See, e.g.,* G.S. § 130A-197 and G.S. § 130A-199.

For all the foregoing reasons, I would reverse and remand for the entry of a new order by the trial court, leaving in its discretion whether to receive additional evidence.