DONALD J. PATRONELLI v. CARRIE PATRONELLI

No. 55A06

(Filed 17 November 2006)

**Divorce— counsel fees for dependent spouse—represented pro bono—denied**

The trial court did not err by denying defendant's request for counsel fees under N.C.G.S. § 50-16.4 in a domestic proceeding where she was represented pro bono. Payment of fees to her counsel would not have been for her benefit.

Justice NEWBY dissenting.

Justice Patricia Timmons-Goodson joins in this dissenting opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 175 N.C. App. 320, 623 S.E.2d 322 (2006), affirming an order denying defendant's claim for counsel fees entered on 6 January 2004 by Judge Anne B. Salisbury in District Court, Wake County. Heard in the Supreme Court 12 September 2006.

*Oliver & Oliver, PLLC, by John M. Oliver, for plaintiff-appellee.*

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for defendant-appellant.*

*Legal Aid of North Carolina, Inc., by Celia Pistolis, and Womble Carlyle Sandridge & Rice, PLLC, by Burley B. Mitchell, Jr., for*

**PATRONELLI v. PATRONELLI**

[360 N.C. 628 (2006)]

*Legal Aid of North Carolina, the North Carolina Justice Center, Legal Services of Southern Piedmont, Legal Aid Society of Northwest North Carolina, Carolina Legal Assistance, and the North Carolina Association of Women Attorneys, amici curiae.*

*Maupin Taylor, P.A., by John I. Mabe, Jr., for North Carolina Bar Association, amicus curiae.*

BRADY, Justice.

In enacting N.C.G.S. § 50-16.4, the General Assembly provided:

> At any time that a dependent spouse would be entitled to alimony pursuant to G.S. 50-16.3A, or postseparation support pursuant to G.S. 50-16.2A, the court may, upon application of such spouse, enter an order for reasonable counsel fees *for the benefit of such spouse*, to be paid and secured by the supporting spouse in the same manner as alimony.

N.C.G.S. § 50-16.4 (2005) (emphasis added). Because any counsel fees ordered paid to defendant's *pro bono* counsel would not be for the benefit of defendant, we hold she was not entitled to counsel fees pursuant to N.C.G.S. § 50-16.4. Accordingly, we affirm the decision of the Court of Appeals.

## BACKGROUND

Donald J. Patronelli (plaintiff) and Carrie Patronelli (defendant) married in 1997 and separated in 2001. On 14 August 2001, plaintiff filed a complaint seeking child custody, child support, and equitable distribution. Defendant counterclaimed and was awarded primary physical custody of the child, child support, postseparation support, and alimony. Pertinent to this appeal, the trial court set a hearing on the issues of alimony and related counsel fees. After the hearing, the trial court denied defendant's request for an award of counsel fees, finding in a written order:

> The defendant is represented on a *pro bono* basis by her counsel through the Volunteer Lawyers Program. The defendant has an arrangement with her counsel that her counsel will not charge her any fees for representation of her in this matter. Defendant's counsel proffered to the court that he had incurred expenses and fees in the amount of approximately $2,500.00 in bringing the defendant's permanent alimony case to trial. However, the defendant has not incurred any of these expenses

as she is not personally liable to her counsel for the same. As such, there is no basis for an award of attorney's fees in this matter.

Based upon this finding of fact, the trial court concluded as a matter of law: "The defendant has not incurred any attorney's fees under N.C.G.S. § 50-16.4, and thus her claim for attorney's fees should be denied."

Defendant appealed to the Court of Appeals, assigning error to the trial court's conclusion she was not entitled to counsel fees under N.C.G.S. § 50-16.4. The Court of Appeals affirmed the trial court's order, and Judge Wynn filed a dissent asserting defendant was entitled to counsel fees. Defendant appealed as of right to this Court.

## ANALYSIS

*Pro bono publico* legal services are provided for the public good without compensation. *See Black's Law Dictionary* 1240-41 (8th ed. 2004) ("Being or involving uncompensated legal services performed esp. for the public good."). The American Bar Association's Model Rules of Professional Conduct recommend each attorney perform at least fifty hours of *pro bono* service per year, with the majority of those services provided "without fee or expectation of fee." *See* Model Rules of Prof'l Conduct R. 6.1 (2003). It is commendable when an attorney, although under no compulsion to do so, agrees to represent a client of little means with no expectation of a fee. Law is one of the three learned professions, the others being medicine and the clergy. *See* Letter IV from J. Orton Smith to A Solicitor Commencing Business *in The Lawyer and His Profession* 35, 46 (London, V. & R. Stevens & Sons, S. Sweet & W. Maxwell 1860). *Pro bono* representation exemplifies the difference between a trade and a profession. As one writer put it, in a trade "a man has simply to consider . . . the best way of securing large profits to himself." *Id.* However, "a man should enter [a profession] with the consciousness that his own profit, though his immediate object, is to be a secondary consideration, his *first* being always the advantage of those who place their confidence in him." *Id.*

Defendant spends much of her brief arguing that the standard for awarding fees under N.C.G.S. § 50-16.4 is not whether counsel fees were *incurred* by the dependent spouse but whether any fees awarded would be for the *benefit* of such spouse. In this argument,

PATRONELLI v. PATRONELLI

[360 N.C. 628 (2006)]

defendant objects to the lower courts' "engrafting" into N.C.G.S. § 50-16.4 the requirement that counsel fees must have been incurred by the dependent spouse. We do not decide, as did the Court of Appeals and the trial court, whether a dependent spouse must incur counsel fees before an award would be proper, because in this case we are unpersuaded that any fees ordered would have been for the benefit of defendant.

"When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006). The language of N.C.G.S. § 50-16.4 is clear and without ambiguity. Therefore, we will give effect to its plain meaning. The statute permits a trial court to award "reasonable counsel fees" if, among other things, the award is for the benefit of the dependent spouse. There is no provision in N.C.G.S. § 50-16.4 which would allow a trial court to award counsel fees to a dependent spouse unless such award is for that spouse's benefit.

In the case *sub judice*, defendant would have not benefitted in any way from an award of counsel fees. Defendant was not obligated in any manner to her counsel for professional services provided pursuant to their agreement. Additionally, by the time the fees were requested, defendant's case was for the most part completed, and therefore no fee award would have assisted in financing further litigation. Simply put, only defendant's counsel stood to benefit from any fees awarded by the trial court; and there is no statutory authority permitting a trial court to enter an order of counsel fees for the benefit of counsel. *See* N.C.G.S. § 50-16.4 (stating that "the court may . . . enter an order for reasonable counsel fees for the benefit of such spouse").

We are unpersuaded that such a result is impermissible because it would allow plaintiff to reap a windfall from his wife's choice of counsel. Such an argument does not take into account the purpose of the statute, which is to prevent requiring "a dependent spouse to meet the expenses of litigation through the unreasonable depletion of her separate estate where her separate estate is considerably smaller than that of the supporting spouse . . . ." *Clark v. Clark*, 301 N.C. 123, 137, 271 S.E.2d 58, 68 (1980); *see also Hudson v. Hudson*, 299 N.C. 465, 473-74, 263 S.E.2d 719, 724-25 (1980) (discussing the purpose of domestic fee-shifting statutes). The purpose of N.C.G.S. § 50-16.4 is not to punish a supporting spouse for having a larger estate than that

PATRONELLI v. PATRONELLI

[360 N.C. 628 (2006)]

of the dependent spouse. Rather, it is to level the playing field so that both parties have suitable representation.

Because we are unpersuaded that any counsel fees awarded to defendant in this matter would have been for her benefit, the trial court was without statutory authority to enter such an order. Accordingly, the trial court did not err in denying defendant's request for counsel fees. Therefore, the decision of the Court of Appeals is affirmed.

AFFIRMED.

Justice NEWBY dissenting.

As a prerequisite to an award of attorney's fees under N.C.G.S. § 50-16.4, the majority determines the statutory language "for the benefit of such spouse" requires the dependent spouse to have a personal financial obligation to her attorney. Since I am not convinced the General Assembly intended this result, I respectfully dissent.

The General Assembly enacted N.C.G.S. § 50-16.4 with the goal of "enabl[ing] the dependent spouse, as litigant, to meet the supporting spouse, as litigant, on substantially even terms by making it possible for the dependent spouse to employ adequate counsel." *Hudson v. Hudson*, 299 N.C. 465, 473, 263 S.E.2d 719, 724 (1980). The statute, which furthers the legislature's purpose by authorizing fee-shifting in appropriate circumstances, reads:

> At any time that a dependent spouse would be entitled to alimony pursuant to G.S. 50-16.3A, or postseparation support pursuant to G.S. 50-16.2A, the court may, upon application of such spouse, enter an order for reasonable counsel fees *for the benefit of* such spouse, to be paid and secured by the supporting spouse in the same manner as alimony.

N.C.G.S. § 50-16.4 (2005) (emphasis added).

Indisputably, defendant meets the threshold requirements of being a dependent spouse with inadequate financial means. *See Hudson*, 299 N.C. at 473, 263 S.E.2d at 724. The only question is whether the trial court "may" award reasonable fees when the attorney is providing *pro bono* services.

Finding the statute to be "clear and unambiguous," the majority effectively holds N.C.G.S. § 50-16.4 sanctions fee shifting only when a

## PATRONELLI v. PATRONELLI

[360 N.C. 628 (2006)]

dependent spouse is financially "obligated" to counsel and will receive a direct pecuniary benefit from the award. I believe this restrictive reading imposes a requirement not anticipated by the legislature. Under this approach, even attorney's fees paid by a friend or family member would not form the basis of an award, because the dependent spouse would not directly benefit from payment of the attorney.

Yet, the phrase "for the benefit of such spouse" could be read in other ways. A more natural reading is that the phrase "for the benefit of" is synonymous with "on behalf of." Hence, I believe the General Assembly employed the phrase as it is often used in reference to payments made to third parties on behalf of or for the benefit of others. *See generally* William C. Burton, *Legal Thesaurus* 572-73 (2d ed. 1992) (listing "behalf," "accommodate," and "advantage," among others, as synonymous with "benefit"). Given this reading, "for the benefit of" simply indicates the legislature's decision to allow attorney's fees to be paid directly to counsel, a non-party, on behalf of the dependent spouse. This interpretation is consistent with the portion of N.C.G.S. § 50-16.4 that allows for collection of attorney's fees "in the same manner as alimony" by the non-party attorney. *Id.* § 50-16.4.[1]

Likewise, a broader reading of the term "benefit" is warranted because a pecuniary benefit is but one of many possible benefits. *See generally Black's Law Dictionary* 166-67 (8th ed. 2004) (defining benefit as an "[a]dvantage; privilege" and providing definitions for six different types of benefits including "pecuniary benefit"). As part of the vast group of North Carolinians who cannot afford legal representation, *see generally* N.C. Legal Servs. Planning Council, *North Carolina Statewide Legal Needs Assessment* (2003), *available at* http://www.lri.lsc.gov, defendant derives direct benefit from fee-shifting statutes that increase the amount of *pro bono* representation in the market. Moreover, defendant, who may again find herself in need of legal representation, has developed an attorney-client relationship with her *pro bono* counsel. Allowing an award in this case may permit the relationship to continue for subsequent litigation involving matters such as collections, child custody, or unrelated issues.

---

1. This view is also consistent with the U.S. Supreme Court's holding that fees should be awarded based on their fair market value, not their cost to the client. *See generally Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. E. 2d 891, (1984) (calculating fee awards to nonprofit legal service organizations based on fair market value).

Fee awards to *pro bono* counsel also benefit dependent spouses by allowing attorneys rather than dependent spouses to assume the risk that fees will not be awarded. The lawyer can retain the possibility of payment under the statute, while relieving the dependent spouse of the additional stress of potential responsibility for legal bills. In addition, a dependent spouse may not wish to receive "charity" and may sense a moral obligation to repay the attorney. The fee award would free the spouse of this concern. Thus, even when the attorney does not undertake additional *pro bono* representation, the dependent spouse receives a benefit.

This disparity of interpretation is understandable in view of the different definitions of "benefit." *See The American Heritage Dictionary of the English Language* 123 (William Morris ed., New College ed. 1979). The majority embraces the concept of "[a] payment or series of payments to one in need." *Id.* (definition 3). I prefer the broader definition: "Anything that promotes or enhances well-being; advantage." *Id.* (definition 1).

At best the statute is ambiguous whether "for the benefit of" requires the dependent spouse to receive a direct pecuniary benefit, demands only that the dependent spouse be advantaged, or merely indicates that payments can be made directly to counsel. "[W]here a statute is ambiguous, judicial construction must be used to ascertain the legislative will." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136-37 (1990). Additionally, if a statute is remedial in nature, seeking to "advance the remedy and repress the evil," it must be liberally construed to effectuate the intent of the legislature. *DiDonato v. Wortman*, 320 N.C. 423, 430 n.2, 358 S.E.2d 489, 493 n.2 (1987) (citation and internal quotation marks omitted).

On the one hand, determining that the phrase sanctions payments directly to *pro bono* counsel permits attorneys to accept additional *pro bono* work, furthering the legislative purpose by enabling more dependent spouses to meet their supporting spouses on equal footing in litigation. On the other hand, concluding that the phrase requires that the award provide a direct pecuniary benefit to the dependent spouse hinders the legislature's goal by limiting the amount of work that will originally be taken on a *pro bono* basis.

Certainly, public policy considerations weigh in favor of such awards. Without the threat of fee-shifting, supporting spouses have less incentive to settle cases in which their spouses are represented

GOOD HOPE HEALTH SYS., L.L.C. v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[360 N.C. 635 (2006)]

by *pro bono* counsel. Supporting spouses will also be tempted to provide dependent spouses with little or no support before litigation, because a destitute spouse is more likely to face a choice of *pro bono* counsel or no counsel at all, with either option benefitting the supporting spouse.

In its brief to this Court, amicus curiae contends there is a "direct link between the urgent need to provide people of modest means with access to the civil justice system and statutes such as [N.C.G.S.] § 50-16.4," which are designed "not just to level the playing field[, but to] open the gates to the field." I agree. Unfortunately, our decision today will reduce the availability of legal counsel to dependent spouses, effectively closing the gates. Because N.C.G.S. § 50-16.4 does not preclude benefitting dependent spouses by providing fee awards to *pro bono* counsel, neither should we.

Justice TIMMONS-GOODSON joins in this dissenting opinion.