ANIMAL LEGAL DEFENSE FUND, Plaintiff-Appellee v. BARBARA WOODLEY AND ROBERT WOODLEY, Defendants-Appellants

No. COA06-358

(Filed 6 February 2007)

## 1. Injunctions— permanent—unverified complaint—sufficiency

An unverified complaint was sufficient to obtain a permanent injunction in an animal cruelty case. N.C.G.S. § 19A-3, which requires verification, applies only to preliminary injunctions.

## 2. Constitutional Law— North Carolina—law and equity merged—private action for injunction

The statute allowing private actions for injunctions in animal cruelty cases (N.C.G.S. § 19A-1) was not unconstitutional under Article IV, Section 13 of the North Carolina Constitution (which provides that there shall be one form of action for the redress of private wrongs, called a civil action). While defendants contend that this provision limits the legislature's ability to create actions by statute, it merely abolished the distinction between actions at law and suits in equity.

Appeal by defendants-appellants from injunction and order entered 12 April 2005 by Judge Albert A. Corbett, Jr. in Lee County District Court. Heard in the Court of Appeals 19 October 2006.

*Kilpatrick Stockton LLP, by Adam H. Charnes and James J. Hefferan, Jr., for the plaintiff-appellee.*

*Staton, Doster, Post & Silverman, by Norman C. Post, Jr., for the defendant-appellant.*

ELMORE, Judge.

Barbara and Robert Woodley (defendants) appeal from an injunction forfeiting all rights in the animals possessed by defendants and the removal of the animals from defendants' control, and an order granting temporary custody of the animals to the Animal Legal Defense Fund (plaintiff), both of which were entered 12 April 2005 by Judge Albert A. Corbett, Jr. After careful review of the record, we find defendants' contentions on appeal to be without merit; we therefore affirm the trial court's order and injunction.

On 23 December 2004, plaintiff filed a complaint against defendants seeking preliminary and permanent injunctions under North Carolina's Civil Remedy for Protection of Animals statute (Section 19A). N.C. Gen. Stat. '§ 19A-1 *et seq.* (2005). Plaintiff alleged that. defendants had abused and neglected a large number of dogs (as well as some birds) in their possession. Defendants answered the complaint on 7 January 2005. On 13 January 2005, after the lower court reviewed the evidence, held two hearings, and visited defendants' property, Judge Resson O. Faircloth entered a preliminary injunction prohibiting defendants from any further violation of the statute, requiring defendants to properly maintain those parts of their property in which the animals were kept, and granting plaintiff access to defendants' property for the purpose of giving care to the animals.

On 12 April 2005, following a trial, Judge Corbett entered a permanent injunction and temporary custody order. Defendants, who were also charged and convicted criminally,[1] filed notice of appeal on 11 May 2005. For the reasons stated below, the injunction and order of the trial court is affirmed.

**[1]** Defendants first contend that the trial court lacked subject matter jurisdiction to hear the matter because plaintiff's complaint was not verified as required by N.C. Gen. Stat. § 19A-3. However, as plaintiff points out in its brief, § 19A-3 applies only to preliminary injunctions. In fact, the section is titled "Preliminary injunction," and no mention is made of permanent injunctions throughout the section. N.C. Gen. Stat. § 19A-3 (2005). Moreover, § 19A-4, titled "Permanent injunction," makes no mention of verified complaints; according to that section, the trial court is bound by N.C. Gen. Stat. § 1A-1, Rule 65. N.C. Gen. Stat. § 19A-4 (2005). Rule 65 is also devoid of any mention of a verified complaint requirement; indeed, this Court has held that verification of complaint is not a condition for issuance of an injunction under Rule 65. N.C. Gen. Stat. § 1A-1, Rule 65 (2005); *Moore v. Wykle*, 107 N.C. App. 120, 139, 419 S.E.2d 164, 176 (1992), *cert. denied*, 332 N.C. 666, 424 S.E.2d 405 (1992). Because defendants gave notice of appeal only for the permanent injunction entered 12 April 2005, and not the preliminary injunction entered 13 January 2005, the issue of whether it was error for the trial court to issue the preliminary injunction is not before this Court. Defendants' first assignment of error is without merit.

---

1. The civil and criminal trials were joined; defendants' appeal of their guilty verdicts is presently pending in the Superior Court.

**[2]** Defendants also argue that N.C. Gen. Stat. § 19A-1 is unconstitutional in that it purports to grant standing to persons who have suffered no injury. To support their contention, defendants rely on Article IV, Section 13 of the North Carolina Constitution, which states, "There shall be in this State but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action . . . ." N.C. Const. art. IV, § 13. This reliance, however, is misplaced. While defendants contend that "this provision places a constitutional limit on standing in civil actions to those individuals who have suffered some individualized and concrete harm," they rely almost entirely on federal authority. However, as defendants themselves note, "North Carolina courts are not constrained by the 'case or controversy' requirement of Article 3 of the United States Constitution." *See Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 52 (2002), *disc. review denied*, 356 N.C. 675, 577 S.E.2d 628 (2003). Moreover, defendants, in maintaining that our Constitution restricts our legislature's ability to give standing by statute, simply misinterpret the language of the Constitution. In actuality, "[t]his section abolished the distinction between actions at law and suits in equity, leaving such rights and remedies to be enforced in the one court, which theretofore had administered simply legal rights." *Reynolds v. Reynolds*, 208 N.C. 578, 624, 182 S.E. 341, 369 (1935).

It is telling that our Supreme Court recently determined that our courts have subject matter jurisdiction of suits brought under Section 19A by organizations such as plaintiff. *See Justice for Animals, Inc. v. Lenoir Cty. SPCA, Inc.*, 168 N.C. App. 298, 304, 607 S.E.2d 317, 321 (2005) ("The trial court has subject matter jurisdiction pursuant to N.C. Gen. Stat. § 19A-2 over plaintiff's claim to the extent it seeks an injunction against defendant by alleging the cruel treatment of animals, as defined in N.C. Gen. Stat. § 19A-1."). Moreover, as defendants themselves note, this Court has recently held that Section 19A "express[es] the General Assembly's intent that the broadest category of persons or organizations be deemed '[a] real party in interest' when contesting cruelty to animals." *Justice for Animals, Inc. v. Robeson County*, 164 N.C. App. 366, 371, 595 S.E.2d 773, 776-77 (2004). Because we hold that Article IV, Section 13 of the North Carolina Constitution merely "abolished the distinction between actions at law and suits in equity," *Reynolds*, 208 N.C. at 624, 182 S.E. at 369, rather than placing limitations on the legislature's ability to create actions by statute, defendants' contention is without merit.

**IN RE ME.B., M.J., MO.B.**

[181 N.C. App. 597 (2007)]

Defendants' remaining assignments of error were not argued in their brief. "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." *State v. McNeill*, 360 N.C. 231, 241, 624 S.E.2d 329, 336 (2006) (quoting N.C.R. App. P. 28(b)(6) and citing *State v. Augustine*, 359 N.C. 709, 731 n.1, 616 S.E.2d 515, 531 n.1 (2005)). Accordingly, we will not review defendants' unargued assignments of error. Having found no meritorious assignments of error, the judgment of the trial court is

Affirmed.

Chief Judge MARTIN and Judge JACKSON concur.