PHILLIP OXENDINE, PLAINTIFF-APPELLEE v. TWL, INC., DEFENDANT-APPELLEE, AND CANAL INSURANCE COMPANY, DEFENDANT-APPELLANT

No. COA06-1397

(Filed 19 June 2007)

## Workers' Compensation— cancellation of policy—notice

The Industrial Commission did not err in a workers' compensation case by holding that cancellation of the pertinent workers' compensation policy was required under N.C.G.S. § 58-36-105 even though defendant insurance company contends the insurance contract was void ab initio based on alleged misrepresentations defendant employer made in its application, and thus the insurance contract was in effect at the time of the compensable injury as a matter of law, because: (1) N.C.G.S. § 58-3-10 is a more general statute, and N.C.G.S. § 58-36-105 specifically applies to workers' compensation insurance; (2) N.C.G.S. § 58-36-105 contemplates the very sort of material misrepresentation or nondisclosure of a material fact in obtaining the policy that defendant insurance company alleges in this case; (3) defendant insurance company failed to send its purported notice of cancel-

OXENDINE v. TWL, INC.

[184 N.C. App. 162 (2007)]

lation via registered or certified mail as required by N.C.G.S. § 58-36-105; and (4) the bald assertion of "underwriting reasons" does not constitute a precise reason for cancellation as required by the statute.

Appeal by defendant Canal Insurance Company from opinion and award entered 27 June 2006 by Chairman Buck Lattimore of the Full North Carolina Industrial Commission. Heard in the Court of Appeals 9 May 2007.

*Van Camp, Meacham & Newman, PLLC, by Thomas M. Van Camp, for plaintiff-appellee.*

*Hester, Grady, and Hester, P.L.L.C., by H. Clifton Hester, for defendant-appellee.*

*McAngus, Goudelock & Courie, PLLC, by Trula R. Mitchell, for defendant-appellant.*

ELMORE, Judge.

The present appeal stems from the workers' compensation insurance contract between TWL, Inc. (TWL) and Canal Insurance Company (Canal). Canal and TWL entered into an insurance contract in March, 2002; the policy's effective dates were 20 March 2002 through 20 March 2003. On 18 September 2002, Canal prepared a "Notice of Cancellation of Insurance." The notice stated that TWL's policy would be cancelled, effective 7 December 2002, for "underwriting reasons." On 25 November 2002, Patty Watts, who worked for Canal's managing agent, Golden Isle Underwriting, Inc. (Golden), sent TWL a letter thanking TWL for its recent payment and stating that TWL's policy would be cancelled 7 December 2002 due to "underwriting reasons." TWL had paid its premiums through 7 December 2002. All parties agree that the notice of cancellation was sent via regular mail, and that the reason given for the purported cancellation was "underwriting reasons."

On 31 January 2003, Phillip Oxendine (plaintiff) was involved in a car accident. At that time, plaintiff worked for TWL; the accident arose out of his employment with the company. Plaintiff suffered serious injuries and incurred medical expenses in excess of $200,000.00. All parties agree that plaintiff's injury was compensable. However, as a result of the dispute as to insurance coverage, plaintiff's payments were significantly delayed. Accordingly, plaintiff filed a motion to join

Canal as a party on 20 April 2004, which Chief Deputy Commissioner Stephen T. Gheen granted in an order filed 28 April 2004.

On 27 June 2006, Chairman Buck Lattimore, on behalf of the Full Commission, filed an opinion and award affirming Deputy Commissioner George R. Hall, III's 22 August 2005 opinion and award.[1] Canal appealed.

On appeal, Canal argues that TWL made material misrepresentations in its application to Canal for insurance, and that those material misrepresentations prevent recovery under the insurance contract under N.C. Gen. Stat. § 58-3-10 and related case law. *See, e.g., Bell v. Nationwide Ins. Co.*, 146 N.C. App. 725, 726, 554 S.E.2d 399, 401 (2001) (noting, "It is a basic principle of insurance law that the insurer may avoid his obligation under the insurance contract by a showing that the insured made representations in his application that were material and false.") (quotations and citations omitted). Accordingly, argues Canal, the Full Commission erred in holding that cancellation of the policy was required pursuant to N.C. Gen. Stat. § 58-36-105. Canal's argument is without merit.

Our standard of review for cases originating in the Industrial Commission is well established:

> Our review of the Commission's opinion and award is limited to determining whether competent evidence of record supports the findings of fact and whether the findings of fact, in turn, support the conclusions of law. If there is any competent evidence supporting the Commission's findings of fact, those findings will not be disturbed on appeal despite evidence to the contrary. However, the Commission's conclusions of law are reviewed *de novo*.

*Rose v. City of Rocky Mount*, 180 N.C. App. 392, 395, 637 S.E.2d 251, 254 (2006) (internal quotations, alterations, and citations omitted). "A question of statutory interpretation is ultimately a question of law for the courts." *Brown v. Flowe*, 349 N.C. 520, 523, 507 S.E.2d 894, 896 (1998) (citation omitted). We therefore review this issue, which is controlled by statute, *de novo*.

The crux of Canal's argument is that the insurance contract at issue was void *ab initio* due to alleged misrepresentations TWL made in its application for insurance. Because the contract was never valid

---

1. The earlier opinion and award does not appear to be a part of the record on appeal.

to begin with, argues Canal, the requirements for cancellation found in N.C. Gen. Stat. § 58-36-105 do not apply. Instead, Canal would have this Court apply N.C. Gen. Stat. § 58-3-10 and hold that no contract was ever formed. We hold that N.C. Gen. Stat. § 58-36-105 does apply; a workers' compensation insurance contract will therefore never be void *ab initio*, but must be cancelled in the manner prescribed by N.C. Gen. Stat. § 58-36-105.

N.C. Gen. Stat. § 58-3-10 reads: "All statements or descriptions in any application for a policy of insurance, or in the policy itself, shall be deemed representations and not warranties, and a representation, unless material or fraudulent, will not prevent a recovery on the policy." N.C. Gen. Stat. § 58-3-10 (2005).

N.C. Gen. Stat. § 58-36-105 is titled "Certain workers' compensation insurance policy cancellations prohibited." N.C. Gen. Stat. § 58-36-105 (2005). It reads, in pertinent part:

> (a) No policy of workers' compensation insurance . . . shall be cancelled by the insurer before the expiration of the term or anniversary date stated in the policy and without the prior written consent of the insured, except for any one of the following reasons:
>
> ***
>
> (2) An act or omission by the insured or the insured's representative that constitutes material misrepresentation or nondisclosure of a material fact in obtaining the policy, continuing the policy, or presenting a claim under the policy.

N.C. Gen. Stat. § 58-36-105 (2005).

It is a general rule of statutory construction that

> [w]here one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability. When two statutes apparently overlap, it is well established that the statute special and particular shall control over the statute general in nature . . . unless it clearly appears that the legislature intended the general statute to control.

*Fowler v. Valencourt*, 334 N.C. 345, 349, 435 S.E.2d 530, 532-33 (1993) (quoting *Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C.

230, 238, 328 S.E.2d 274, 279 (1985)) (internal quotations and citations omitted).

In this case, § 58-3-10 is the more general statute, applying to "any application for a policy of insurance." N.C. Gen. Stat. § 58-3-10 (2005). In contrast, § 58-36-105 applies specifically to workers' compensation insurance. As § 58-36-105 contemplates the very sort of "material misrepresentation or nondisclosure of a material fact in obtaining the policy" that Canal alleges in this case, it clearly governs our review of the matter. N.C. Gen. Stat. § 58-36-105(a)(2) (2005).

Having established that N.C. Gen. Stat. § 58-36-105 applies, we must consider whether Canal's attempted cancellation of the policy was effective. N.C. Gen. Stat. § 58-36-105 provides in pertinent part:

> (b) Any cancellation permitted by subsection (a) of this section is **not effective unless written notice of cancellation has been given by registered or certified mail**, return receipt requested, to the insured not less than 15 days before the proposed effective date of cancellation. . . . **The notice shall state the precise reason for cancellation**. Whenever notice of intention to cancel is required to be given by registered or certified mail, **no cancellation by the insurer shall be effective unless and until such method is employed and completed**.

N.C. Gen. Stat. § 58-36-105(b) (2005) (emphasis added).

It is uncontested that Canal failed to send its purported notice of cancellation via registered or certified mail. Despite this, Canal argues that "[t]he legislative intent of N.C. Gen. Stat. § 58-36-105 was fulfilled" by TWL's actual receipt of the notice more than fifteen days prior to cancellation.

As plaintiff points out in his brief, "If the North Carolina Legislature intended to forego the requirement of service by registered or certified mail, it would not have provided language in the statute which specifically states that a cancellation is not effective until service by certified or registered mail is 'employed and completed.' " "[A] statute must be considered as a whole and construed, if possible, so that none of its provisions shall be rendered useless or redundant. It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage." *R.J. Reynolds Tobacco Co. v. N.C. Dep't of Env't & Natural Res.*, 148 N.C. App. 610, 616, 560 S.E.2d 163, 168 (2002) (quoting *Builders, Inc. v. City of Winston-Salem*, 302 N.C. 550, 556, 276 S.E.2d

443, 447 (1981)) (internal quotations and citations omitted) (alteration in original). Canal's argument regarding substantial compliance therefore must fail.

Moreover, even if this Court were to agree on that issue, we could not hold that the bald assertion of "underwriting reasons" constitutes a "precise reason for cancellation."[2] No court has interpreted the meaning of "precise reason." As our Supreme Court recently stated, however, "When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *Patronelli v. Patronelli*, 360 N.C. 628, 631, 636 S.E.2d 559, 561 (2006) (quoting *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006)). The term "precise" is defined as "[c]learly expressed or delineated; definite," or "[e]xact, as in performance or amount; accurate or correct . . . ." The Am. Heritage Coll. Dictionary 1076 (3rd ed. 1997). We think it clear that a vague assertion of "underwriting reasons" fails to meet that standard. Furthermore, we observe that our legislature demands, "[i]n the event of an adverse underwriting decision," that an insurance company "provide[] the applicant, policyholder, or individual proposed for coverage with the *specific reason or reasons* for the adverse underwriting decision . . ." N.C. Gen. Stat. § 58-39-55 (2005) (emphasis added). As noted, we "presume[] that the legislature intended each portion [of a statute] to be given full effect and did not intend any provision to be mere surplusage." *R.J. Reynolds Tobacco Co.*, 148 N.C. App. at 616, 560 S.E.2d at 168. If the legislature believed that the phrase "underwriting reasons" was precise, it is unlikely that it would have included a requirement that insurance companies provide "specific reason or reasons" for adverse underwriting decisions. Accordingly, Canal's purported notice of cancellation stumbles over another statutory hurdle.

Canal concedes that it failed to follow the procedure outlined by N.C. Gen. Stat. § 58-36-105. Accordingly, the insurance contract was in effect at the time of the compensable injury as a matter of law. Canal's remaining arguments on appeal are therefore irrelevant, and the Full Commission's opinion and award are affirmed.

---

2. We note that Canal's only treatment of this issue in its brief is a statement that "[t]he reason for cancellation was noted." We will not consider unsupported contentions in the absence of legal argument or authority. *See, e.g., Animal Legal Def. Fund v. Woodley*, 181 N.C. App. 594, 597, 640 S.E.2d 777, 779 (2007) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.") (quotations and citations omitted).

Affirmed.

Judges HUNTER and GEER concur.