MR. & MRS. JOHN SANDERS, D/B/A R & R FUEL OIL SERVICE v. ROY WALKER AND ROCHELLE WALKER, D/B/A R & R FUEL OIL SERVICE

No. 7821DC319

(Filed 2 January 1979)

1. **Trademarks and Trade Names § 1— injunction to prevent use of business name—sufficiency of evidence of sale**

    In an action for an injunction to prevent defendants from doing business as R & R Fuel Oil Service, there was sufficient evidence from which to find that there was a sale of the business by defendants to plaintiffs and to support the trial court's ruling in favor of plaintiffs.

2. **Trademarks and Trade Names § 1— fuel oil company name—no personal trade name**

    In an action for an injunction to prevent defendants from doing business as R & R Fuel Oil Service, defendants' contention that "R & R Fuel Oil Service" was a personal trade name that would not be conveyed with the sale of the business is without merit, since a personal trade name would not arise in the delivery of fuel oil, nor could "R & R" be viewed as promising to the public the care and skill of a certain individual even if there were evidence that the public knew that those initials stood for the first names of defendants.

3. **Rules of Civil Procedure § 52— failure to make findings and conclusions—no right of party to complain**

    Defendants' contention that the trial court erred in failing to make findings of fact and conclusions of law is without merit since defendants, who

agreed to disregard G.S. 1A-1, Rule 52(a)(1) at the trial level by stipulating that the court's answers to the issues would constitute a finding of facts and conclusions of law by the court, could not change their minds on appeal.

APPEAL by defendants from *Tash, Judge.* Judgment entered 18 November 1977 in District Court, FORSYTH County. Heard in the Court of Appeals 6 December 1978.

Plaintiffs and defendants are each doing business in Forsyth County under the name of R & R Fuel Oil Service; their businesses are identical in nature and directly in competition with each other. Plaintiffs seek an injunction to prevent defendants from doing business as R & R Fuel Oil Service, and damages. Defendants counterclaim for the same relief from plaintiffs.

Between 1961 and 1974 defendants operated R & R Fuel Oil Service in Forsyth County; in August 1975 they resumed such a business. The plaintiffs allege that they purchased the business from defendants in January 1974 for $1,500; the defendants aver that the plaintiffs purchased from them a truck only, and that defendants temporarily suspended but did not abandon or sell their business during 1974 and 1975. The trial court permanently enjoined defendants from using the trade name, and awarded plaintiffs $1 and costs. Defendants appeal.

*Harvey L. Kennedy and Annie Brown Kennedy for defendant appellants.*

*James L. Cole and L. G. Gordon, Jr., for plaintiff appellees.*

ARNOLD, Judge.

Defendants first assign error to the denial of their motions to dismiss at the close of plaintiffs' evidence and all the evidence. They argue that there is insufficient evidence of a sale of the business, and that even if a sale is found the name of the business is a personal trade name that would not be conveyed as part of the sale.

[1] It is stipulated that defndants owned and operated the R & R Fuel Oil Service from 1961 to 1974. To be entitled to an injunction against further use of the business name by defendants plaintiffs had to show either that defendants sold the business to the plaintiffs in 1974, or that defendants had abandoned the business

in 1974. Since there were no allegations of abandonment, the only question we consider is whether there was sufficient evidence of a sale of the business to take the matter to the trier of fact.

A motion to dismiss under G.S. 1A-1, Rule 41(b) raises the question of whether any findings could be made from the evidence to support a recovery. *Gibbs v. Heavlin*, 22 N.C. App. 482, 206 S.E. 2d 814 (1974); 11 Strong's N.C. Index 3d, Rules of Civil Procedure § 41. In ruling on the motion the evidence must be viewed in the light most favorable to the plaintiff. *Rogers v. City of Asheville*, 14 N.C. App. 514, 188 S.E. 2d 656 (1972). Plaintiff, John Sanders, testified that in the latter part of 1973

> "Mr. Walker approached me about taking over R & R Fuel Oil Service and purchasing the business from them for the amount of One Thousand Five Hundred Dollars ($1,500.00). . . . At the time I agreed to purchase R & R Fuel Oil Service, there was only the one truck that was operable and some meter tickets which were left in the truck. There was no list of customers or any other supplies of note that could be used in a fuel oil delivery business. Mr. Walker told me the reason for selling the business was that he wanted to move to the coast where he could buy an apartment house and fish.
>
> I paid Mr. Walker the sum of One Thousand Five Hundred Dollars ($1,500.00) for the business, which included the truck and the meter tickets."

Plaintiff Melita Sanders testified that "Mr. & Mrs. Walker approached us in 1973 in conversation concerning the possible purchase of the business. . . . I did hear Mr. Walker say that they wanted to move to the coast and get out of the fuel oil business. . . . It was my understanding that we were purchasing the entire business and, certainly, that we were not purchasing just a truck for Fifteen Hundred Dollars ($1,500.00)."

Defendant Rochelle Walker testified that "[w]hen we moved back, I told John [Sanders, the plaintiff,] that we were going to *go back* into the oil business and were going to *take back* our name." (emphasis added.) Defendant Roy Walker testified that "[i]f I ever wanted *to go back into business*, I could buy another truck." (emphasis added.) He also testified that he had originally paid $999.95 for the truck he later allegedly sold to plaintiffs for $1,500. In ad-

dition, there is uncontradicted evidence that during the period when plaintiff alone operated an R & R Fuel Oil Service, the defendants were well aware of plaintiffs' use of that name and did not object. There is sufficient evidence from which to find that there was a sale of the business by defendants to plaintiffs, and to support the court's ruling in favor of plaintiffs.

[2]   Defendants contend that even if there were a sale, "R & R Fuel Oil Service" is a personal trade name that would not be conveyed with the sale of the business. They rely on the testimony of defendant Rochelle Walker that "[t]he initials R & R stand for Roy and Rochelle." Defendants' contention is without merit.

A trade name is personal "where it indicates to the public that the personal care and skill of a certain individual have been exercised in the selection or production of the goods or the rendition of the services." 74 Am. Jur. 2d, Trademarks and Tradenames § 22 at 718. A personal tradename arises only in a limited number of situations, and we fail to see how it could occur in the delivery of fuel oil, or how "R & R" could be viewed as promising to the public "the care and skill of a certain individual" even if there were evidence that the public knew that the initials R and R stood for Roy and Rochelle.

The defendants' contention that any purported sale of the business is void for violations of the Statute of Frauds need not be reviewed. The Statute of Frauds is an affirmative defense which must be specially pleaded, G.S. 1A-1, Rule 8(c), and it was neither pleaded nor raised at trial. It cannot be presented for the first time on appeal. *Grissett v. Ward*, 10 N.C. App. 685, 179 S.E. 2d 867 (1971). For the same reasons, defendants cannot now argue that there could have been no sale of the partnership business because Mrs. Walker, as a partner, did not give her consent to a sale.

[3]   Finally, defendants say that the trial court erred in failing to make findings of fact and conclusions of law, and specifically in failing to find that defendants had either sold or abandoned the business. While it is true that G.S. 1A-1, Rule 52(a)(1) requires the court to "find facts specially and state separately its conclusions of law," the judgment in this case states:

I. The parties submitted to the Court the following issues, stipulating that the Court's answers to the issues would constitute a finding of facts and conclusions of law by the Court. . . .

The practice of agreeing to disregard the statute is disapproved, *see Wynne v. Allen*, 245 N.C. 421, 96 S.E. 2d 422 (1957), because the mere answering of issues fails to provide an adequate basis for appellate review. However, a party cannot agree at the trial level to disregard the statute and then change his mind on appeal.

While defendants also argue that in fact they did not stipulate that the issues would be in lieu of findings of fact and conclusions of law, there is no indication in the record that such is the case. "We do not consider . . . matters not supported by . . . the *record on appeal*. A brief is not a part of the *record on appeal*." *Civil Service Bd. v. Page*, 2 N.C. App. 34, 40, 162 S.E. 2d 644, 647-48 (1968).

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.