DEALERS SPECIALTIES, INC., PLAINTIFF v. NEIGHBORHOOD HOUSING SERVICES, INC., DEFENDANT AND THIRD PARTY PLAINTIFF v. LONNIE AUTRY, THIRD PARTY DEFENDANT

No. 143A81

(Filed 4 May 1982)

### 1. Appeal and Error § 24.1— broadside exception—ineffectual

Where the trial judge made a total of eleven findings of fact, and the only exception to the findings appeared after the tenth finding and attempted to object to all of the "above findings," under Appellate Rule 10(b)(2) defendant's single exception constituted a "broadside exception" and was ineffectual.

### 2. Contracts § 12.1— independent rather than conditional obligations in contract

Where the court found, in an action for the cost of materials, that the parties had agreed "plaintiff would be protected (1) by the defendant's issuing only a two-party check to the third-party defendant, payable to the third-party defendant and the plaintiff, *and* (2) that the third-party defendant would be required to present lien waivers from all subcontractors and material suppliers before making his final draw from the defendant," the portion of the finding following the conjunction "and" was in addition to and independent of the requirement for a joint check.

### 3. Rules of Civil Procedure § 41— motion to dismiss under Rule 41(b)—light in which judge must view evidence

The Court of Appeals incorrectly stated that in ruling upon a motion for involuntary dismissal at the close of plaintiff's evidence pursuant to Rule 41(b) the evidence must be viewed in the light most favorable to plaintiff, since in a court case the trial judge has the power under Rule 41(b) to adjudicate the case on the merits at the conclusion of the plaintiff's evidence and is not obligated to consider plaintiff's evidence in a light most favorable to the plaintiff as he would do in a jury case.

APPEAL by defendant as a matter of right, G.S. 7A-30(2), from a decision of the Court of Appeals, 54 N.C. App. 46, 283 S.E. 2d 155 (1981) (opinion by *Arnold, J.,* with *Vaughn, J.,* concurring and *Becton, J.,* dissenting). The Court of Appeals affirmed the judgment of *Judge Rice,* at the 25 August 1980 Session of District Court, NEW HANOVER County, granting judgment for plaintiff in the amount of $533.

Plaintiff, Dealers Specialties, Inc., was engaged in the business of selling building supplies. Defendant, Housing Services, was organized for the purpose of making housing rehabilitation loans to residents in an area of Wilmington. Defendant made a

loan to the owners of a home in the area who in turn hired third-party defendant Autry to make the repairs for which the loan had been secured.

Based on the evidence at trial, Judge Rice found *inter alia* the following facts:

1. On or about September 26, 1978, the third-party defendant approached the plaintiff seeking to purchase building materials, on credit, to be used on a job for one Mr. Penny.

2. The plaintiff's president and general manager, Harry Rimel, declined to extend credit to the third-party defendant since he knew the latter, and did not believe him to be credit worthy.

3. On or about September 29, 1978, Mr. Rimel received a telephone call from a man who identified himself as Ron Conrady, Assistant Director of the Defendant NEIGHBORHOOD HOUSING SERVICES, INC. Mr. Conrady informed Mr. Rimel that the Defendant was financing the Penny job and asked the plaintiff to extend credit to the third-party defendant. Mr. Conrady told Mr. Rimel that the plaintiff would be protected by the defendant's issuing only a two-party check to the third-party defendant, payable to the third-party defendant and the plaintiff, and that the third-party defendant would be required to present lien waivers from all subcontractors and material suppliers before making his final draw from the Defendant.

\*    \*    \*

6. Thereafter, plaintiff extended credit to the third-party defendant for materials purchased in the sum of FIVE HUNDRED THIRTY THREE AND NO/100 DOLLARS ($533.00).

7. When the checks were issued to the third-party defendant, the plaintiff was not included as a joint payee.

8. Ron Conrady was, at all times pertinent hereto, the employee, servant, and agent of the defendant, and had apparent authority to contractually bind the defendant to issue only a two-party check to the third-party defendant and the

plaintiff as joint payees, and to, further, require lien waivers before issuing the third-party defendant's final draw.

\* \* \*

10. Said promise was a direct and unconditional promise to pay for goods furnished to the third-party defendant, was made prior to delivery of the goods, and said goods were actually delivered.

11. The plaintiff has never been paid by the defendant, the third-party defendant, or anyone else for said materials.

*No appearances by plaintiff.*

*Ernest B. Fullwood for defendant.*

BRANCH, Chief Justice.

We are of the opinion that the majority in the Court of Appeals reached the correct result and except as hereinafter modified we affirm the decision of the Court of Appeals and adopt the reasoning and legal principles enunciated in that decision as our own.

I

We first consider Judge Becton's dissent which in effect concluded that the agreement between plaintiff and defendant constituted only a conditional promise to pay and was conditioned on Autry's unfulfilled obligation to complete the project.

[1] The trial judge made a total of eleven findings of fact, and the only exception to the findings appear in the record following finding of fact number ten as follows:

EXCEPTION (to all of the above findings of fact) No. 18

Our Appellate Rule 10(b)(2) requires in part that "[a] separate exception . . . be set out to the making . . . of each finding of fact or conclusion of law which is to be assigned as error." Defendant's single exception to ten of the court's findings of fact constituted a "broadside exception" which this Court has consistently held to be ineffectual. *Hicks v. Russell*, 256 N.C. 34, 123 S.E. 2d 214 (1961); *Logan v. Sprinkle*, 256 N.C. 41, 123 S.E. 2d 209 (1961). Defendant thus has taken no valid exception to the findings of

fact and consequently, the court's findings of fact are presumed to be supported by competent evidence, and are binding on appeal. *Keeter v. Lake Lure*, 264 N.C. 252, 257, 141 S.E. 2d 634, 638 (1965); *Insurance Co. v. Trucking Co.*, 256 N.C. 721, 725, 125 S.E. 2d 25, 28 (1962).

[2] We are of the opinion that in the state of this record the judgment for plaintiff could be entered without further consideration since these findings support the trial judge's conclusions and the conclusions in turn support his judgment entered. However, we elect to consider finding of fact number three which appears to us to be the crucial finding upon which Judge Becton's dissent was founded. That finding states:

> 3. On or about September 29, 1978, Mr. Rimel received a telephone call from a man who identified himself as Ron Conrady, Assistant Director of the Defendant NEIGHBORHOOD HOUSING SERVICES, INC. Mr. Conrady informed Mr. Rimel that the Defendant was financing the Penny job and asked the plaintiff to extend credit to the third-party defendant. Mr. Conrady told Mr. Rimel that the plaintiff would be protected (1) by the defendant's issuing only a two-party check to the third-party defendant, payable to the third-party defendant and the plaintiff, *and* (2) that the third-party defendant would be required to present lien waivers from all subcontractors and material suppliers before making his final draw from the Defendant. [Emphasis and numbering added.]

Admittedly, there are two possible interpretations as to the intent of the parties as reflected in the above finding. However, we think that the more reasonable one is that adopted by the majority in the Court of Appeals. Our consideration of this finding leads us to conclude that it contains two independent provisions. The first portion of the parties' agreement as set out in this finding states that any check issued to Autry by defendant as a progress payment must be a two-party check to Autry and plaintiff. This procedure would have effectively protected defendant, the homeowner, and plaintiff. In our opinion, the portion of the finding following the conjunction "and" was in addition to and independent of the requirement for joint checks. This latter portion of the finding, "that the third party defendant would be required to present lien waivers from all subcontractors and material sup-

pliers before making his final draw from defendant," obviously is conditioned on Autry's satisfactorily completing the project so as to receive final payment. The reference to the "final draw" is limited to the second part of the agreement or finding and does not affect the first portion which requires joint progress checks. There is no mention of two-party checks in relation to the final draw and furnishing of lien waivers. This is properly so for when Autry furnished lien waivers from all subcontractors and material suppliers he would have been entitled to a check in his individual name for whatever funds might have been due him at the final draw.

Under our interpretation of this finding, which in our opinion reflects the agreement, a breach of that agreement occurred when plaintiff was not included as a joint payee in the progress payments made by defendant to Autry.

## II

[3] Although not dispositive of this appeal, we would be remiss if we failed to consider a statement appearing in the majority decision of the Court of Appeals to the effect that upon a motion to dismiss under G.S. 1A-1, Rule 41(b), the trial judge must view the evidence in the light most favorable to plaintiff. This statement in the majority opinion of the Court of Appeals was purely gratuitous since the trial judge properly elected not to rule on defendant's motion at the close of plaintiff's evidence.

Our research reveals that there is some conflict and confusion as to the standard which the judge must apply in testing the sufficiency of the evidence, if he elects to so do, when ruling upon a motion to dismiss under Rule 41(b).

The pertinent portion of Rule 41(b) provides:

After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court *as trier of the facts* may then determine them and render judgment *against the plaintiff* or may decline to render any judgment

until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).

In *Bryant v. Kelly*, 10 N.C. App. 208, 213, 178 S.E. 2d 113, 116 (1970), *rev'd on other grounds*, 279 N.C. 123, 181 S.E. 2d 438 (1971), Judge Parker writing for a unanimous panel of the Court of Appeals considered the function of a trial judge when he sits without a jury and rules upon a motion for an involuntary dismissal under Rule 41(b). He there stated:

> In a nonjury case, in which all issues of fact are in any event to be determined by the judge, the function of the judge on a motion to dismiss under Rule 41(b) is to evaluate the evidence *without any limitations as to the inferences which the court must indulge in favor of the plaintiff's evidence* on a similar motion for a directed verdict in a jury case. (See cases cited in 2B, Barron and Holtzoff, Federal Practice and Procedure, § 919, interpreting the cognate Federal Rules.) [Emphasis added.]

Thereafter another panel of the Court of Appeals in *Rogers v. City of Asheville*, 14 N.C. App. 514, 188 S.E. 2d 656 (1972), quoted the above language from *Bryant* but then concluded, "Our study of the evidence viewed in the light most favorable to plaintiff leads us to the conclusion that there was not sufficient evidence of negligence on the part of defendant to establish a right to relief." *Id.* at 517, 188 S.E. 2d at 658. In *Sanders v. Walker*, 39 N.C. App. 355, 250 S.E. 2d 84 (1979), the Court of Appeals again considering a motion for involuntary dismissal under Rule 41(b) made the following statement:

> A motion to dismiss under G.S. 1A-1, Rule 41(b) raises the question of whether any findings could be made from the evidence to support a recovery. *Gibbs v. Heavlin*, 22 N.C. App. 482, 206 S.E. 2d 814 (1974); 11 Strong's N.C. Index 3d, Rules of Civil Procedure § 41. In ruling on the motion the evidence must be viewed in the light most favorable to the plaintiff. *Rogers v. City of Asheville*, 14 N.C. App. 514, 188 S.E. 2d 656 (1972).

*Id.* at 357, 250 S.E. 2d at 85.

We are of the opinion that the correct rule was set forth in *Bryant v. Kelly, supra.* Our conclusion is buttressed by other authorities and treatises.

In his 1970 Pocket Part revisal of 1 McIntosh, North Carolina Practice and Procedure (2d ed. 1956), Dean Dickson Phillips takes a similar view of the duty of the trial judge when a motion to dismiss is made under Rule 41(b). We quote therefrom.

> In a non-jury case, there is no good reason to provide for challenges to the sufficiency of evidence to go to the trier of fact, since the judge who must rule on such a challenge is also the trier of fact. The anomaly of such challenges is most obvious at the conclusion of all the evidence. It is only slightly less so at the conclusion of plaintiff's evidence. But it may be helpful after plaintiff has rested to have a procedure whereby the judge can give judgment against plaintiff on the basis of facts actually then determined, and not merely on the basis that the evidence considered most favorably is insufficient as a matter of law. Such a determination properly made avoids, just as would a dismissal for legal insufficiency and with less chance of reversal on appeal, the needless expense and time required to put on defendant's evidence. Rule 41(b) provides such a procedure in the form of the motion for involuntary dismissal. This permits a defendant to move for dismissal at the conclusion of plaintiff's evidence and the court thereupon to determine the facts and render judgment against the plaintiff.

5 Moore's Federal Practice, ¶ 41.13.3, considers the Federal Rule 41(b), which is substantially the same as ours. In this treatise we find the following statement:

> Thus in a court case the trial judge has the power under Rule 41(b) to adjudicate the case on the merits at the conclusion of the plaintiff's evidence; and is not obliged to consider plaintiff's evidence in a light most favorable to plaintiff as he would have to do in a jury case.

*Id.* at 188. *Accord, Emerson Electric Co. v. Farmer,* 427 F. 2d 1082 (5th Cir. 1970); *Ellis v. Carter,* 328 F. 2d 573 (9th Cir. 1964); *Allred v. Sasser,* 170 F. 2d 233 (7th Cir. 1948). *See also,* Wright & Miller, Federal Practice and Procedure: Civil § 2371 (1971);

Sizemore, *General Scope and Philosophy of the New Rules*, 5 Wake Forest L. Rev. 1, 36 (1969).

When a motion to dismiss pursuant to 41(b) is made, the judge becomes both the judge and the jury and he must consider and weigh all competent evidence before him. He passes upon the credibility of the witnesses and the weight to be given to their testimony. *Knutton v. Cofield*, 273 N.C. 355, 160 S.E. 2d 29 (1968); *Hodges v. Hodges*, 257 N.C. 774, 127 S.E. 2d 567 (1962). Rule 41(b) provides that the trial judge must find facts for the purposes of review; however, he need not act at the close of plaintiff's evidence, but he should, except in the clearest cases, defer judgment until the close of all evidence. *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973).

The Court of Appeals incorrectly stated that in ruling upon a motion for involuntary dismissal at the close of plaintiff's evidence pursuant to Rule 41(b) the evidence must be viewed in the light most favorable to plaintiff. We again emphasize that this error was not decisive of this appeal but that our consideration of this statement of the law was for the purpose of clarifying and correcting confusion that apparently has existed in previous decisions.

The decision of the Court of Appeals is

Modified and affirmed.