IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-79

No. 348A20

Filed 13 August 2021

CAROLINA MULCHING CO.

v.

RALEIGH-WILMINGTON INVESTORS II, LLC and SHALIMAR CONSTRUCTION, INC.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 272 N.C. App. 240 (2020), reversing a judgment entered on 21 May 2019 by Judge C. Ashley Gore in District Court, Brunswick County, and remanding for the trial court to make additional findings of facts and conclusions of law. Heard in the Supreme Court on 28 April 2021.

*Law Offices of Timothy Dugan, by Timothy Dugan, for plaintiff-appellee.*

*Hodges Coxe & Potter LLP, by Bradley A. Coxe, for defendant-appellant.*

BARRINGER, Justice.

In this case, we must decide whether the Court of Appeals erred as a matter of law when addressing a judgment for breach of contract entered after a bench trial. Given the record and procedural posture of this case, we conclude that the Court of Appeals did not err by reversing and remanding the judgment of the trial court back to the trial court to make "findings of fact based on the evidence and to enter clear and specific conclusions of law based on the findings of fact" after holding that the

trial court failed to make findings of fact necessary to resolve conflicts in the evidence and support the conclusions of law. *Carolina Mulching Co. v. Raleigh-Wilmington Invs. II, LLC*, 272 N.C. App. 240, 248 (2020). Thus, we affirm the Court of Appeal's decision.

## I.    Background

Carolina Mulching Co., LLC (Carolina Mulching) commenced this action against Raleigh-Wilmington Investors II, LLC and Shalimar Construction, Inc. (Shalimar) in District Court, Brunswick County, on 26 September 2018. Carolina Mulching asserted a claim for breach of contract, and in the alternative, a claim for unjust enrichment, and sought enforcement of a lien pursuant to Chapter 44A of the General Statutes of North Carolina against property owned by Raleigh-Wilmington Investors II, LLC. Shalimar, in response, filed an answer and counterclaim for breach of contract. Subsequently, Carolina Mulching voluntarily dismissed all claims against Raleigh-Wilmington Investors II, LLC. The remaining parties, Carolina Mulching and Shalimar, waived their right to a jury trial.

During the bench trial on 2 May 2019, both parties presented testimony from witnesses and introduced exhibits into evidence. After taking the matter under advisement, the trial court entered a judgment on 21 May 2019 in favor of Carolina Mulching. Following the trial court's statement that "by [the] greater weight of the evidence, THE COURT HEREBY FINDS THE FACTS AS FOLLOWS," the judgment

contained twenty paragraphs. Then, following the trial court's statement that

"BASED ON the Foregoing Findings of Fact, the [trial] court concludes as a MATTER

OF LAW," the following five paragraphs are set forth in the judgment:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. [Carolina Mulching] and [Shalimar] entered into a written contract for [Carolina Mulching]'s tree mulching services. There was a meeting of the minds between the two parties when they entered into the essential terms of the written contract. [Shalimar] even included [Carolina Mulching]'s proposal in the body of the contract.

3. Both parties signed the written contract, and the terms of the contract were clear and unambiguous; [Carolina Mulching] would provide the mulching services for the Lena Springs Project and [Shalimar] would pay [Carolina Mulching] $15,000.00. [Carolina Mulching]'s services included mulching trees [six to eight inches] in diameter and [Carolina Mulching] satisfied those terms of the contract.

4. [Carolina Mulching] worked with [Shalimar] on the job site for approximately 10 days and [Carolina Mulching] satisfactorily complied with the terms of the contract. [Carolina Mulching] mulched the [eight and one-half] acres of land specified in the contract, and therefore should be paid for the completed work. There was no material breach of the contract by [Carolina Mulching].

5. [Shalimar] did not suffer any damages from [Carolina Mulching]'s performance of services rendered under their written contract. [Shalimar] planned on hiring a logging company to remove the larger trees on the job site before [Carolina

> Mulching] finished the job, and therefore did not incur any unreasonable expenses by hiring D&L Logging months after [Carolina Mulching] left the job site.

¶ 4    Shalimar subsequently filed a notice of appeal to the North Carolina Court of Appeals.

¶ 5    On appeal to the Court of Appeals, Shalimar made three arguments: (1) "[t]here is no finding of fact by the trial court to support conclusions of law [three] and [four] that [Carolina Mulching] mulched all trees [six to eight inches] in diameter and therefore satisfied the terms of the contract"; (2) "[t]he only competent evidence at trial leads to the conclusion that [Carolina Mulching] did not satisfy the terms of their contract by failing to mulch all trees [six to eight inches] in diameter"; and (3) "[t]here is no finding of fact by the trial court to support . . . conclusion of law [five] that [Shalimar] did not suffer any damages and did not incur unreasonable expenses from [Carolina Mulching]'s performance of services and the only competent evidence presented at trial leads to the conclusion that [Shalimar] was damaged by the failure of [Carolina Mulching] to abide by the terms of the contract."

¶ 6    A divided panel of the Court of Appeals agreed with Shalimar as to its first argument, ultimately holding that "the trial court failed to make ultimate findings of fact necessary to resolve conflicts in the evidence, and that therefore the findings do not support the conclusions of law." *Carolina Mulching Co.*, 272 N.C. App. at 248. As a result, the Court of Appeals "reverse[d] and remand[ed] the judgment of the trial

court with instructions to make ultimate findings of fact based on the evidence and to enter clear and specific conclusions of law based on the findings of fact." *Id*. (cleaned up). The Court of Appeals rejected Carolina Mulching's argument that certain statements in the paragraphs labeled conclusions of law constituted factual findings sufficient to support the trial court's ultimate legal conclusion. *Id.* at 247.

¶ 7        In contrast, the dissent concluded that the trial court had made a finding of fact resolving the conflicts in the evidence. *Id*. at 249 (Dillon, J., dissenting). The dissent stated that the contract required Carolina Mulching to mulch all trees up to six to eight inches in diameter and that the trial court's judgment under the conclusions of law section stated that Carolina Mulching "satisfied those terms of the contract." *Id*. While acknowledging that this statement was within the conclusions of law section, the dissent judged that "this statement is clearly a 'finding' that resolves any conflict in the evidence, no matter how it is labeled in the [judgment]." *Id*. The dissent gathered

> that *the evidence* was insufficient to submit the issue to the fact-finder. Carolina Mulching failed to meet its burden to reach the fact-finder (the trial judge in this case) to put on evidence that it mulched the trees up to [eight inches] in *diameter*. Accordingly, the trial court's [judgment] should be 'reversed[,]' and judgment should be entered for Shalimar.

*Id*. at 249–50.

¶ 8        While the dissent admitted that it is not appropriate to reweigh the evidence

on appeal, that Carolina Mulching's witnesses testified that they mulched the trees that were up to six to eight inches in diameter, and that on rebuttal Carolina Mulching's witness testified that he was cutting down eight-inch diameter trees, the dissent found "the evidence [was] uncontradicted that Carolina Mulching's witnesses thought 'diameter' meant 'circumference' " because the Carolina Mulching witness "never demonstrated during his rebuttal testimony that he now understood what the term 'diameter' actually meant or the process by which he calculated the diameter." *Id*. at 250–51. The dissent concluded that Carolina Mulching "failed to meet its burden of showing that it cut down all of the trees under [eight inches] in diameter, the basis of the trial court's judgment," *id*. at 250–51, and as a result, he would reverse and have judgment entered for Shalimar, *id*. at 250.

¶ 9     In addressing the dissent, the Court of Appeals stated that

> [t]he dissent characterizes the trial court's shortcoming not as a failure to show how it arrived at its conclusion but instead as arriving at an untenable conclusion, thus requiring a straight reversal instead of a reverse and remand with instructions. The dissent is certainly right that there is evidence that [Carolina Mulching] measured by circumference, not diameter. And it is certainly possible that the trial court might not be able to marshal sufficient evidentiary support to justify ruling for [Carolina Mulching] on remand. But, in the dissent's efforts to argue that it is clear that [Carolina Mulching] measured by circumference, no such clarity emerges. The dissent instead merely highlights the contradictory nature of the testimony. It is not our place to resolve these conflicts. The trial court, having heard the evidence and seen the witnesses, is much better situated to do so.

*Id.* at 247 n.1.

¶ 10        Shalimar filed a notice of appeal based on the dissent pursuant to N.C.G.S. § 7A-30(2) and N.C. R. App. P. 14.

## II.    Analysis

¶ 11        On appeal to this Court, Shalimar asks this Court to reverse the trial court's judgment and "render a judgment that, as a matter of law, Carolina Mulching failed to satisfy the terms of the contract and Shalimar . . . did not breach the contract." Shalimar argues that there was no competent evidence to support the trial court's finding that Carolina Mulching cut down all of the trees up to six to eight inches in diameter and the only competent evidence "leads inescapably to a conclusion of law that [Carolina Mulching] failed to abide by the essential terms of the Contract."

¶ 12        On this record and in this procedural posture, we conclude the Court of Appeals did not err as a matter of law in its disposition of Shalimar's appeal. As Carolina Mulching points out, this case addresses an appeal of a final judgment entered after a bench trial where the Court of Appeals agreed with Shalimar's first argument that the trial court's judgment lacked findings of fact to support the trial court's judgment in favor of Carolina Mulching. Shalimar also argued in the alternative the argument it now makes to this Court. Specifically, Shalimar contended that "[e]ven if the Trial Court had made a Finding of Fact that the Plaintiff had mulched all trees up to [six to eight inches] in diameter, such a finding would be in error [as] [t]here is no

competent evidence in the record supporting any such *potential* Finding of Fact." (Emphasis added.)[1] As Shalimar prevailed on its first argument—that the trial court's judgment lacked findings of fact to support the trial court's judgment in favor of Carolina Mulching—Carolina Mulching asserts that the Court of Appeals did not err. Carolina Mulching further asserts that consideration of Shalimar's alternative argument has been waived and is premature for this Court's ruling. We agree that the Court of Appeals did not err and that a ruling on Shalimar's alternative argument by this Court would be premature in this instance.

¶ 13        "In all actions tried upon the facts without a jury or with an advisory jury, the [trial] court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C.G.S. § 1A-1, Rule 52(a)(1) (2019). As to the facts, the trial court need not find all facts that support the conclusion of law but must specially find the facts necessary to establish the plaintiff's cause of action, the converse—the facts necessary to establish that plaintiff's cause of action fails—or the facts necessary to establish the defendant's affirmative defense. *Woodard v. Mordecai*, 234 N.C. 463, 470 (1951) (addressing predecessor statute, N.C.G.S. § 1-185 (repealed 1967)). Compliance with N.C. R. Civ. P. 52(a)(1) is not a

---

[1] As summarized in the background section, the Court of Appeals did not address Shalimar's alternative argument other than commenting on the dissent in a footnote. *Carolina Mulching Co. v. Raleigh-Wilmington Invs. II, LLC*, 272 N.C. App. 240, 247 n.1 (2020).

mere formality but generally necessary for appellate courts "to perform their proper function in the judicial system" of reviewing a judgment entered after a bench trial to determine whether the trial court's findings of fact are supported by the evidence and whether the findings of fact support the conclusions of law. *Coble v. Coble*, 300 N.C. 708, 712 (1980) (quoting *Montgomery v. Montgomery*, 32 N.C. App. 154, 158 (1977)).

¶ 14         In this case, the Court of Appeals rejected Carolina Mulching's argument that some statements in the paragraphs under the conclusions of law section in the trial court's judgment were findings of fact that resolved the conflicts in the evidence. *Carolina Mulching Co.*, 272 N.C. App. at 247. The Court of Appeals held in favor of Shalimar's argument that "the trial court's findings do not support its conclusion that [Carolina Mulching] fully performed under the contract." *Id.* at 245. While the dissent disagreed and concluded that such statements were findings of fact resolving the conflicts, *id.* at 249 (Dillon, J., dissenting), this issue is not presented in this appeal since Carolina Mulching has not sought review of this aspect of the Court of Appeals' decision. Shalimar's new brief accordingly did not identify this specific issue on appeal. Thus, we express no opinion about this aspect of the Court of Appeals' holding but consider it the final decision on this issue and respect it as such. *See* N.C. R. App. P. 16(b).

¶ 15         Carolina Mulching asserted, and Shalimar did not dispute, that Shalimar did

not challenge any of the trial court's findings of fact in their initial appeal. Shalimar's alternative argument only challenged a *potential* finding of fact. Without an actual—as opposed to hypothetical—challenged finding of fact, we conclude that the Court of Appeals committed no error of law in its decision to reverse and remand the case back to the trial court for resolution of the conflicts in the evidence on remand.

¶ 16        Further, we find that neither the dissent nor Shalimar's argument or analysis convinces us to reverse the trial court's judgment and that judgment should be entered in favor of Shalimar. Neither cites authority in support of their conclusion, and a holding in their favor would seem to require us to muddle the standard of review applicable to actions tried by the trial court without a jury as set forth below.

¶ 17        Shalimar argues for reversal and judgment in its favor because in its opinion, there is no competent evidence that Carolina Mulching mulched all trees up to six to eight inches in diameter. Yet, Shalimar concedes its challenge to the judgment is pursuant to N.C. R. Civ. P. 52(c). Rule 52(c) allows parties to an action tried without a jury to challenge the sufficiency of the evidence supporting the trial court's findings of fact. N.C.G.S. § 1A-1, Rule 52(c). However, the finding that Carolina Mulching mulched all trees up to six to eight inches in diameter is not in the trial court's judgment but is instead a potential finding of fact identified by Shalimar and a fact inferred by the dissent from statements in the judgment. *Carolina Mulching Co.*, 272 N.C. App. at 249 (Dillon, J., dissenting). Thus, consideration of Shalimar's argument

regarding a potential finding lacks support in the plain language of Rule 52(c) and reversing and remanding to the trial court as the Court of Appeals held respects the division of authority between the trial courts and appellate courts and the standard of review.

¶ 18        Both the dissent and Shalimar also couch their argument in terms of Carolina Mulching failing to meet its burden, and the dissent characterizes the evidence as insufficient to submit the issue to the fact-finder. *Carolina Mulching Co.*, 272 N.C. App. at 249 (Dillon, J., dissenting). This terminology is generally associated with a motion for a directed verdict, which is not before us. *See* N.C.G.S. § 1A-1, Rule 50. As Shalimar acknowledges, a motion for a directed verdict pursuant to N.C. R. Civ. P. 50 is not appropriate in an action tried by the trial court without a jury. *See Bryant v. Kelly*, 279 N.C. 123, 129 (1971) ("Directed verdicts are appropriate only in jury cases."). Rather, the appropriate motion by which a defendant tests the sufficiency of a plaintiff's evidence to show a right to relief in an action tried by the trial court without a jury is a motion pursuant to N.C. R. Civ. P. 41(b) for an involuntary dismissal. N.C.G.S. § 1A-1, Rule 41(b); *see also Dealers Specialties, Inc. v. Neighborhood Hous. Servs., Inc.*, 305 N.C. 633, 637 (1982) (determining "the standard which the [trial court] judge must apply in testing the sufficiency of the evidence, if he elects to so do, when ruling upon a motion to dismiss under Rule 41(b)"). Notably, a motion for involuntary dismissal pursuant to N.C. R. Civ. P. 41(b) requires the

defendant to show that the plaintiff had "no right to relief" upon the facts and law. N.C.G.S. § 1A-1, Rule 41(b). In this case, the dissent did not conclude that Carolina Mulching had no right to relief, and Shalimar has not argued to this effect.

Therefore, we are not persuaded that Shalimar's arguments are consistent with our precedent, and we decline to assess the sufficiency of the evidence for a potential finding of fact by the trial court, especially when presented and sought without citation to precedent or persuasive authority for this Court's review.

### III.    Conclusion

On this record and in this procedural posture, the Court of Appeals did not err by reversing and remanding the case back to the trial court with instructions to make findings of fact and to enter clear and specific conclusions of law based on the findings of fact. Thus, we affirm the Court of Appeal's decision.

AFFIRMED.