IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-79

 No. 348A20

 Filed 13 August 2021

 CAROLINA MULCHING CO.

 v.
 RALEIGH-WILMINGTON INVESTORS II, LLC and SHALIMAR
 CONSTRUCTION, INC.

 Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of

 the Court of Appeals, 272 N.C. App. 240 (2020), reversing a judgment entered on 21

 May 2019 by Judge C. Ashley Gore in District Court, Brunswick County, and

 remanding for the trial court to make additional findings of facts and conclusions of

 law. Heard in the Supreme Court on 28 April 2021.

 Law Offices of Timothy Dugan, by Timothy Dugan, for plaintiff-appellee.

 Hodges Coxe & Potter LLP, by Bradley A. Coxe, for defendant-appellant.

 BARRINGER, Justice.

¶1 In this case, we must decide whether the Court of Appeals erred as a matter of

 law when addressing a judgment for breach of contract entered after a bench trial.

 Given the record and procedural posture of this case, we conclude that the Court of

 Appeals did not err by reversing and remanding the judgment of the trial court back

 to the trial court to make “findings of fact based on the evidence and to enter clear

 and specific conclusions of law based on the findings of fact” after holding that the
 CAROLINA MULCHING CO. V. RALEIGH-WILMINGTON INVS. II, LLC

 2021-NCSC-79

 Opinion of the Court

 trial court failed to make findings of fact necessary to resolve conflicts in the evidence

 and support the conclusions of law. Carolina Mulching Co. v. Raleigh-Wilmington

 Invs. II, LLC, 272 N.C. App. 240, 248 (2020). Thus, we affirm the Court of Appeal’s

 decision.

 I. Background

¶2 Carolina Mulching Co., LLC (Carolina Mulching) commenced this action

 against Raleigh-Wilmington Investors II, LLC and Shalimar Construction, Inc.

 (Shalimar) in District Court, Brunswick County, on 26 September 2018. Carolina

 Mulching asserted a claim for breach of contract, and in the alternative, a claim for

 unjust enrichment, and sought enforcement of a lien pursuant to Chapter 44A of the

 General Statutes of North Carolina against property owned by Raleigh-Wilmington

 Investors II, LLC. Shalimar, in response, filed an answer and counterclaim for breach

 of contract. Subsequently, Carolina Mulching voluntarily dismissed all claims

 against Raleigh-Wilmington Investors II, LLC. The remaining parties, Carolina

 Mulching and Shalimar, waived their right to a jury trial.

¶3 During the bench trial on 2 May 2019, both parties presented testimony from

 witnesses and introduced exhibits into evidence. After taking the matter under

 advisement, the trial court entered a judgment on 21 May 2019 in favor of Carolina

 Mulching. Following the trial court’s statement that “by [the] greater weight of the

 evidence, THE COURT HEREBY FINDS THE FACTS AS FOLLOWS,” the judgment
 CAROLINA MULCHING CO. V. RALEIGH-WILMINGTON INVS. II, LLC

 2021-NCSC-79

 Opinion of the Court

contained twenty paragraphs. Then, following the trial court’s statement that

“BASED ON the Foregoing Findings of Fact, the [trial] court concludes as a MATTER

OF LAW,” the following five paragraphs are set forth in the judgment:

 1. This Court has jurisdiction over the parties and the
 subject matter of this action.

 2. [Carolina Mulching] and [Shalimar] entered into a
 written contract for [Carolina Mulching]’s tree
 mulching services. There was a meeting of the minds
 between the two parties when they entered into the
 essential terms of the written contract. [Shalimar]
 even included [Carolina Mulching]’s proposal in the
 body of the contract.

 3. Both parties signed the written contract, and the
 terms of the contract were clear and unambiguous;
 [Carolina Mulching] would provide the mulching
 services for the Lena Springs Project and [Shalimar]
 would pay [Carolina Mulching] $15,000.00.
 [Carolina Mulching]’s services included mulching
 trees [six to eight inches] in diameter and [Carolina
 Mulching] satisfied those terms of the contract.

 4. [Carolina Mulching] worked with [Shalimar] on the
 job site for approximately 10 days and [Carolina
 Mulching] satisfactorily complied with the terms of
 the contract. [Carolina Mulching] mulched the
 [eight and one-half] acres of land specified in the
 contract, and therefore should be paid for the
 completed work. There was no material breach of the
 contract by [Carolina Mulching].

 5. [Shalimar] did not suffer any damages from
 [Carolina Mulching]’s performance of services
 rendered under their written contract. [Shalimar]
 planned on hiring a logging company to remove the
 larger trees on the job site before [Carolina
 CAROLINA MULCHING CO. V. RALEIGH-WILMINGTON INVS. II, LLC

 2021-NCSC-79

 Opinion of the Court

 Mulching] finished the job, and therefore did not
 incur any unreasonable expenses by hiring D&L
 Logging months after [Carolina Mulching] left the
 job site.

¶4 Shalimar subsequently filed a notice of appeal to the North Carolina Court of

 Appeals.

¶5 On appeal to the Court of Appeals, Shalimar made three arguments: (1)

 “[t]here is no finding of fact by the trial court to support conclusions of law [three]

 and [four] that [Carolina Mulching] mulched all trees [six to eight inches] in diameter

 and therefore satisfied the terms of the contract”; (2) “[t]he only competent evidence

 at trial leads to the conclusion that [Carolina Mulching] did not satisfy the terms of

 their contract by failing to mulch all trees [six to eight inches] in diameter”; and (3)

 “[t]here is no finding of fact by the trial court to support . . . conclusion of law [five]

 that [Shalimar] did not suffer any damages and did not incur unreasonable expenses

 from [Carolina Mulching]’s performance of services and the only competent evidence

 presented at trial leads to the conclusion that [Shalimar] was damaged by the failure

 of [Carolina Mulching] to abide by the terms of the contract.”

¶6 A divided panel of the Court of Appeals agreed with Shalimar as to its first

 argument, ultimately holding that “the trial court failed to make ultimate findings of

 fact necessary to resolve conflicts in the evidence, and that therefore the findings do

 not support the conclusions of law.” Carolina Mulching Co., 272 N.C. App. at 248. As

 a result, the Court of Appeals “reverse[d] and remand[ed] the judgment of the trial
 CAROLINA MULCHING CO. V. RALEIGH-WILMINGTON INVS. II, LLC

 2021-NCSC-79

 Opinion of the Court

 court with instructions to make ultimate findings of fact based on the evidence and

 to enter clear and specific conclusions of law based on the findings of fact.” Id. (cleaned

 up). The Court of Appeals rejected Carolina Mulching’s argument that certain

 statements in the paragraphs labeled conclusions of law constituted factual findings

 sufficient to support the trial court’s ultimate legal conclusion. Id. at 247.

¶7 In contrast, the dissent concluded that the trial court had made a finding of

 fact resolving the conflicts in the evidence. Id. at 249 (Dillon, J., dissenting). The

 dissent stated that the contract required Carolina Mulching to mulch all trees up to

 six to eight inches in diameter and that the trial court’s judgment under the

 conclusions of law section stated that Carolina Mulching “satisfied those terms of the

 contract.” Id. While acknowledging that this statement was within the conclusions of

 law section, the dissent judged that “this statement is clearly a ‘finding’ that resolves

 any conflict in the evidence, no matter how it is labeled in the [judgment].” Id. The

 dissent gathered

 that the evidence was insufficient to submit the issue to the
 fact-finder. Carolina Mulching failed to meet its burden to
 reach the fact-finder (the trial judge in this case) to put on
 evidence that it mulched the trees up to [eight inches] in
 diameter. Accordingly, the trial court’s [judgment] should
 be ‘reversed[,]’ and judgment should be entered for
 Shalimar.

 Id. at 249–50.

¶8 While the dissent admitted that it is not appropriate to reweigh the evidence
 CAROLINA MULCHING CO. V. RALEIGH-WILMINGTON INVS. II, LLC

 2021-NCSC-79

 Opinion of the Court

 on appeal, that Carolina Mulching’s witnesses testified that they mulched the trees

 that were up to six to eight inches in diameter, and that on rebuttal Carolina

 Mulching’s witness testified that he was cutting down eight-inch diameter trees, the

 dissent found “the evidence [was] uncontradicted that Carolina Mulching’s witnesses

 thought ‘diameter’ meant ‘circumference’ ” because the Carolina Mulching witness

 “never demonstrated during his rebuttal testimony that he now understood what the

 term ‘diameter’ actually meant or the process by which he calculated the diameter.”

 Id. at 250–51. The dissent concluded that Carolina Mulching “failed to meet its

 burden of showing that it cut down all of the trees under [eight inches] in diameter,

 the basis of the trial court’s judgment,” id. at 250–51, and as a result, he would

 reverse and have judgment entered for Shalimar, id. at 250.

¶9 In addressing the dissent, the Court of Appeals stated that

 [t]he dissent characterizes the trial court’s shortcoming not
 as a failure to show how it arrived at its conclusion but
 instead as arriving at an untenable conclusion, thus
 requiring a straight reversal instead of a reverse and
 remand with instructions. The dissent is certainly right
 that there is evidence that [Carolina Mulching] measured
 by circumference, not diameter. And it is certainly possible
 that the trial court might not be able to marshal sufficient
 evidentiary support to justify ruling for [Carolina
 Mulching] on remand. But, in the dissent’s efforts to argue
 that it is clear that [Carolina Mulching] measured by
 circumference, no such clarity emerges. The dissent
 instead merely highlights the contradictory nature of the
 testimony. It is not our place to resolve these conflicts. The
 trial court, having heard the evidence and seen the
 witnesses, is much better situated to do so.
 CAROLINA MULCHING CO. V. RALEIGH-WILMINGTON INVS. II, LLC

 2021-NCSC-79

 Opinion of the Court

 Id. at 247 n.1.

¶ 10 Shalimar filed a notice of appeal based on the dissent pursuant to N.C.G.S.

 § 7A-30(2) and N.C. R. App. P. 14.

 II. Analysis

¶ 11 On appeal to this Court, Shalimar asks this Court to reverse the trial court’s

 judgment and “render a judgment that, as a matter of law, Carolina Mulching failed

 to satisfy the terms of the contract and Shalimar . . . did not breach the contract.”

 Shalimar argues that there was no competent evidence to support the trial court’s

 finding that Carolina Mulching cut down all of the trees up to six to eight inches in

 diameter and the only competent evidence “leads inescapably to a conclusion of law

 that [Carolina Mulching] failed to abide by the essential terms of the Contract.”

¶ 12 On this record and in this procedural posture, we conclude the Court of Appeals

 did not err as a matter of law in its disposition of Shalimar’s appeal. As Carolina

 Mulching points out, this case addresses an appeal of a final judgment entered after

 a bench trial where the Court of Appeals agreed with Shalimar’s first argument that

 the trial court’s judgment lacked findings of fact to support the trial court’s judgment

 in favor of Carolina Mulching. Shalimar also argued in the alternative the argument

 it now makes to this Court. Specifically, Shalimar contended that “[e]ven if the Trial

 Court had made a Finding of Fact that the Plaintiff had mulched all trees up to [six

 to eight inches] in diameter, such a finding would be in error [as] [t]here is no
 CAROLINA MULCHING CO. V. RALEIGH-WILMINGTON INVS. II, LLC

 2021-NCSC-79

 Opinion of the Court

 competent evidence in the record supporting any such potential Finding of Fact.”

 (Emphasis added.)1 As Shalimar prevailed on its first argument—that the trial

 court’s judgment lacked findings of fact to support the trial court’s judgment in favor

 of Carolina Mulching—Carolina Mulching asserts that the Court of Appeals did not

 err. Carolina Mulching further asserts that consideration of Shalimar’s alternative

 argument has been waived and is premature for this Court’s ruling. We agree that

 the Court of Appeals did not err and that a ruling on Shalimar’s alternative argument

 by this Court would be premature in this instance.

¶ 13 “In all actions tried upon the facts without a jury or with an advisory jury, the

 [trial] court shall find the facts specially and state separately its conclusions of law

 thereon and direct the entry of the appropriate judgment.” N.C.G.S. § 1A-1, Rule

 52(a)(1) (2019). As to the facts, the trial court need not find all facts that support the

 conclusion of law but must specially find the facts necessary to establish the plaintiff’s

 cause of action, the converse—the facts necessary to establish that plaintiff’s cause of

 action fails––or the facts necessary to establish the defendant’s affirmative defense.

 Woodard v. Mordecai, 234 N.C. 463, 470 (1951) (addressing predecessor statute,

 N.C.G.S. § 1-185 (repealed 1967)). Compliance with N.C. R. Civ. P. 52(a)(1) is not a

 1 As summarized in the background section, the Court of Appeals did not address

 Shalimar’s alternative argument other than commenting on the dissent in a footnote.
 Carolina Mulching Co. v. Raleigh-Wilmington Invs. II, LLC, 272 N.C. App. 240, 247 n.1
 (2020).
 CAROLINA MULCHING CO. V. RALEIGH-WILMINGTON INVS. II, LLC

 2021-NCSC-79

 Opinion of the Court

 mere formality but generally necessary for appellate courts “to perform their proper

 function in the judicial system” of reviewing a judgment entered after a bench trial

 to determine whether the trial court’s findings of fact are supported by the evidence

 and whether the findings of fact support the conclusions of law. Coble v. Coble, 300

 N.C. 708, 712 (1980) (quoting Montgomery v. Montgomery, 32 N.C. App. 154, 158

 (1977)).

¶ 14 In this case, the Court of Appeals rejected Carolina Mulching’s argument that

 some statements in the paragraphs under the conclusions of law section in the trial

 court’s judgment were findings of fact that resolved the conflicts in the evidence.

 Carolina Mulching Co., 272 N.C. App. at 247. The Court of Appeals held in favor of

 Shalimar’s argument that “the trial court’s findings do not support its conclusion that

 [Carolina Mulching] fully performed under the contract.” Id. at 245. While the dissent

 disagreed and concluded that such statements were findings of fact resolving the

 conflicts, id. at 249 (Dillon, J., dissenting), this issue is not presented in this appeal

 since Carolina Mulching has not sought review of this aspect of the Court of Appeals’

 decision. Shalimar’s new brief accordingly did not identify this specific issue on

 appeal. Thus, we express no opinion about this aspect of the Court of Appeals’ holding

 but consider it the final decision on this issue and respect it as such. See N.C. R. App.

 P. 16(b).

¶ 15 Carolina Mulching asserted, and Shalimar did not dispute, that Shalimar did
 CAROLINA MULCHING CO. V. RALEIGH-WILMINGTON INVS. II, LLC

 2021-NCSC-79

 Opinion of the Court

 not challenge any of the trial court’s findings of fact in their initial appeal. Shalimar’s

 alternative argument only challenged a potential finding of fact. Without an actual—

 as opposed to hypothetical—challenged finding of fact, we conclude that the Court of

 Appeals committed no error of law in its decision to reverse and remand the case back

 to the trial court for resolution of the conflicts in the evidence on remand.

¶ 16 Further, we find that neither the dissent nor Shalimar’s argument or analysis

 convinces us to reverse the trial court’s judgment and that judgment should be

 entered in favor of Shalimar. Neither cites authority in support of their conclusion,

 and a holding in their favor would seem to require us to muddle the standard of

 review applicable to actions tried by the trial court without a jury as set forth below.

¶ 17 Shalimar argues for reversal and judgment in its favor because in its opinion,

 there is no competent evidence that Carolina Mulching mulched all trees up to six to

 eight inches in diameter. Yet, Shalimar concedes its challenge to the judgment is

 pursuant to N.C. R. Civ. P. 52(c). Rule 52(c) allows parties to an action tried without

 a jury to challenge the sufficiency of the evidence supporting the trial court’s findings

 of fact. N.C.G.S. § 1A-1, Rule 52(c). However, the finding that Carolina Mulching

 mulched all trees up to six to eight inches in diameter is not in the trial court’s

 judgment but is instead a potential finding of fact identified by Shalimar and a fact

 inferred by the dissent from statements in the judgment. Carolina Mulching Co., 272

 N.C. App. at 249 (Dillon, J., dissenting). Thus, consideration of Shalimar’s argument
 CAROLINA MULCHING CO. V. RALEIGH-WILMINGTON INVS. II, LLC

 2021-NCSC-79

 Opinion of the Court

 regarding a potential finding lacks support in the plain language of Rule 52(c) and

 reversing and remanding to the trial court as the Court of Appeals held respects the

 division of authority between the trial courts and appellate courts and the standard

 of review.

¶ 18 Both the dissent and Shalimar also couch their argument in terms of Carolina

 Mulching failing to meet its burden, and the dissent characterizes the evidence as

 insufficient to submit the issue to the fact-finder. Carolina Mulching Co., 272 N.C.

 App. at 249 (Dillon, J., dissenting). This terminology is generally associated with a

 motion for a directed verdict, which is not before us. See N.C.G.S. § 1A-1, Rule 50. As

 Shalimar acknowledges, a motion for a directed verdict pursuant to N.C. R. Civ. P.

 50 is not appropriate in an action tried by the trial court without a jury. See Bryant

 v. Kelly, 279 N.C. 123, 129 (1971) (“Directed verdicts are appropriate only in jury

 cases.”). Rather, the appropriate motion by which a defendant tests the sufficiency of

 a plaintiff’s evidence to show a right to relief in an action tried by the trial court

 without a jury is a motion pursuant to N.C. R. Civ. P. 41(b) for an involuntary

 dismissal. N.C.G.S. § 1A-1, Rule 41(b); see also Dealers Specialties, Inc. v.

 Neighborhood Hous. Servs., Inc., 305 N.C. 633, 637 (1982) (determining “the standard

 which the [trial court] judge must apply in testing the sufficiency of the evidence, if

 he elects to so do, when ruling upon a motion to dismiss under Rule 41(b)”). Notably,

 a motion for involuntary dismissal pursuant to N.C. R. Civ. P. 41(b) requires the
 CAROLINA MULCHING CO. V. RALEIGH-WILMINGTON INVS. II, LLC

 2021-NCSC-79

 Opinion of the Court

 defendant to show that the plaintiff had “no right to relief” upon the facts and law.

 N.C.G.S. § 1A-1, Rule 41(b). In this case, the dissent did not conclude that Carolina

 Mulching had no right to relief, and Shalimar has not argued to this effect.

¶ 19 Therefore, we are not persuaded that Shalimar’s arguments are consistent

 with our precedent, and we decline to assess the sufficiency of the evidence for a

 potential finding of fact by the trial court, especially when presented and sought

 without citation to precedent or persuasive authority for this Court’s review.

 III. Conclusion

¶ 20 On this record and in this procedural posture, the Court of Appeals did not err

 by reversing and remanding the case back to the trial court with instructions to make

 findings of fact and to enter clear and specific conclusions of law based on the findings

 of fact. Thus, we affirm the Court of Appeal’s decision.

 AFFIRMED.